369 A.2d 1189

COMMONWEALTH of Pennsylvania

v.

Barry E. WILLIS, Appellant (two cases).

Supreme Court of Pennsylvania.

Submitted Jan. 13, 1977.

Decided Feb. 28, 1977.

Gary F. DiVito, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

O'BRIEN, Justice.

On March 18, 1975, Charles Johnson was shot to death in front of his home on Latona Street, Philadelphia, during the course of a robbery. On May 21, 1975, appellant, Barry E. Willis, was arrested and charged with murder, criminal conspiracy and robbery.

On October 27, 1975, appellant entered pleas of guilty to the indictments charging murder, criminal conspiracy and robbery. The Commonwealth certified that the degree of guilt for the murder indictment would rise no higher than murder in the third degree. On December 2, 1975, appellant was sentenced to a term of imprisonment of five to fifteen years on the murder in the third degree conviction, five to fifteen years on the robbery conviction and five to ten years on the criminal conspiracy conviction. All sentences were to run concurrently.

Appellant has appealed the judgment of sentence on the conviction for murder in the third degree to this court and appealed the judgments of sentence on the robbery and conspiracy convictions to the Superior Court, which certified that appeal to this court.

Appellant argues that the court below erred in failing to inform appellant during the on-the-record guilty plea colloquy of the presumption of innocence. We agree.

In *Commonwealth v. Dilbeck*, 466 Pa. 543, 353 A.2d 824 (1976), this court stated:

"The Comments to Rule 319(a) of the Pennsylvania Rules of Criminal Procedure recommend that 'at a *minimum* the judge ask questions to ellicit the following information:'

"(1) Does the defendant understand the nature of the charges to which he is pleading guilty?

"(2) Is there a factual basis for the plea?

"(3) Does the defendant understand that he has the right to trial by jury?

"(4) *Does the defendant understand that he is presumed innocent until he is found guilty?*

"(5) Is the defendant aware of the permissible range of sentences and/or fines for the offenses charged?

"(6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

"We reiterate here what was said in Ingram, [*Commonwealth v. Ingram*, 455 Pa. 198, 316 A.2d 77 (1974)] at 204–205, 316 A.2d at 81: 'Adherence to [the guidelines set out in the Comments to Rule 319(a)] will serve to protect the rights of defendants while simultaneously facilitating appellate review.' *Failure to satisfy these minimal requirements will result in reversal. Commonwealth v. Schork*, 467 Pa. 248, 356 A.2d 355 (1976); *Commonwealth v. Miner*, 467 Pa. 230, 356 A. 2d 346 (1976)." (Emphasis supplied.)

The above language makes clear that the above six questions are *mandatory* during a guilty plea colloquy and the failure to "satisfy these minimal requirements will result in reversal."

■ The court below did not inform appellant of the presumption of innocence and, therefore, under the reasoning of *Commonwealth v. Dilbeck,* the judgments must be reversed and case remanded for a new trial.

Judgments of sentence reversed and case remanded for a new trial.

JONES, C. J., did not participate in the consideration or decision of this case.