436 A.2d 1009

**COMMONWEALTH of Pennsylvania,**

v.

**Frank Edward WYATT, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 5, 1980.

Filed Oct. 30, 1981.

Barry M. Miller, Norristown, for appellant.

Ronald T. Williamson, Assistant District Attorney, Norristown, for Commonwealth, appellee.

Before CAVANAUGH, DiSALLE and MONTEMURO, JJ.

MONTEMURO, Judge:

This is an appeal from an order denying relief to appellant, Frank Edward Wyatt, under the Post Conviction Hearing Act. Pursuant to a plea bargain, appellant was sentenced to a term of seven and one half (7½) to fifteen (15) years imprisonment for Kidnapping [1] on December 5, 1974.

Appellant contends that trial counsel was ineffective for failing to object to an improper guilty plea colloquy.[2] He argues that his guilty plea was not knowing and intelligent because he was not informed of his "presumption of innocence" during the colloquy. Appellant was not, in fact, informed of his presumption of innocence. He was, however, informed that the Commonwealth had to prove every element of the crime beyond a reasonable doubt.

The duty to make an inquiry into the areas listed in the comments of Pa.R.Crim.P. 319(a)[3] was not made mandatory until March 17, 1976, a date subsequent to appellant's guilty plea. See Commonwealth v. Dilbeck, 466 Pa. 543, 353 A.2d 824 (1976). In Commonwealth v. Ingram, 455 Pa. 198, 316 A.2d 77 (1974), the court acknowledged that a guilty plea had never been vacated simply because the defendant's "presumption of innocence" had not been mentioned, as long

1. 18 Pa.C.S.A. § 2901.

2. Appellant also raises two other issues, both of which are meritless. Because of our disposition in this case, it is unnecessary to address these issues.

3. Defendant must be informed of his "presumption of innocence."

as a factual basis for the plea was demonstrated and the defendant understood the nature of the charge lodged against him. *See also Commonwealth of Kentucky v. Whorton*, 441 U.S. 786, 99 S.Ct. 2088, 60 L.Ed.2d 640 (1979). From a reading of the colloquy, it is clear that these requisites were established and that therefore the appellant's guilty plea was knowing and intelligent. Despite our finding that the colloquy was proper, and despite the absence of contemporary cases which would have alerted trial counsel to the necessity of advising appellant on the record of his "presumption of innocence," we are constrained to reverse.

In *Commonwealth v. Dello Buono*, 271 Pa.Super. 572, 414 A.2d 631 (1979), our court voided a 1975 guilty plea because of the same defect without discussing the retroactive impact of such a decision. However, our failure to understand the reasoning of the *Dello Buono* decision does not affect our obligation to follow it. Accordingly, the order of the lower court is reversed and a new trial is ordered.