451 A.2d 552

**COMMONWEALTH of Pennsylvania**

v.

**Leroy C. SIEBERT, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 19, 1982.

Filed Oct. 8, 1982.

---

John C. Tylwalk, Assistant Public Defender, Lebanon, for appellant.

William L. Thurston, Assistant District Attorney, Lebanon, for Commonwealth, appellee.

Before JOHNSON, WATKINS and LIPEZ, JJ.

JOHNSON, Judge:

On July 31, 1980, Appellant was charged with one count of Burglary.[1] Appellant's guilty plea was received on September 17, 1980; and he was sentenced on April 21, 1981. The court denied Appellant's motion to withdraw guilty plea and for modification of sentence. This is an appeal from the judgment of sentence. For the following reasons, we affirm.

Appellant presents two issues for our consideration. First, did the lower court err in denying Appellant's motion to withdraw guilty plea since the court failed to advise Appellant that he was presumed innocent until proven guilty?[2] Second, did the lower court err in denying Appellant's motion for modification of sentence?

In considering Appellant's first issue, we must consider not only what the court failed to tell Appellant but also the information that the court *conveyed* to Appellant regarding the presumption of innocence. The relevant portion of the very thorough and complete colloquy in the instant case consisted of the following dialogue between the judge and Appellant:

If you should elect to plead not guilty, then the court advises you that before you can be convicted, the prosecution will have the burdon [sic] of proving beyond a reason-

1. 18 Pa.C.S.A. § 3502.

2. The comments to Pa.R.Crim.P., Rule 319(a), 42 Pa.C.S.A., state in part:
[A]t a minimum the judge should ask questions to elicit the following information:
(1) Does the defendant understand the nature of the charges to which he is pleading guilty?
(2) Is there a factual basis for the plea?
(3) Does the defendant understand that he has the right to trial by jury?
(4) Does the defendant understand that he is presumed innocent until he is found guilty?
(5) Is the defendant aware of the permissible range of sentence and/or fines for the offenses charged?
(6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

able doubt your guilt, and *before a jury could find you guilty of the charge of burglary,* all twelve of them would have to agree that you are guilty beyond a reasonable doubt.

However, if your plea of guilty is accepted, you waived, that is you give up each of the rights that I have just mentioned to you.

Do you have any questions about any of the matters which I have just explained to you?

A. No, Your Honor.

Q. Do you realize that by a plea of guilty, you would be giving up each of those rights?

A. Yes, Your Honor. [Emphasis added.]

Appellant contends that, because the trial judge failed to utter either the phrase, "presumed innocent," or "presumption of innocence," the guilty plea colloquy was defective. After a review of previous cases concerning Rule 319, we hold that the colloquy in the instant case was not defective.

In *Commonwealth v. Ingram,* 455 Pa. 198, 316 A.2d 77 (1974), the supreme court stated, "The essential element [of a guilty plea colloquy] is therefore a recorded demonstration that the defendant is fully aware of the ramifications of his action and is entering his plea voluntarily." *Id.,* 455 Pa. at 200, 316 A.2d at 78. *Ingram* referred to the comments to Rule 319(a) as "guidelines [which] will serve to protect the rights of defendants while simultaneously facilitating appellate review." *Id.,* 455 Pa. at 204–205, 316 A.2d at 81.

In *Commonwealth v. Dilbeck,* 466 Pa. 543, 353 A.2d 824 (1976), the supreme court reviewed a guilty plea colloquy in a case involving charges of murder and conspiracy to murder, in which the trial judge had not even mentioned "malice" much less any of the other guidelines listed in the comment to Rule 319. The supreme court quoted the above-cited passage from *Ingram* which viewed the comments to Rule 319 as guidelines; and the court proceeded to state, "Failure to satisfy these minimal requirements will result in reversal."

In *Commonwealth v. Willis,* 471 Pa. 50, 369 A.2d 1189 (1977), the defendant argued that the lower court had erred because the defendant had not been informed of the presumption of innocence. Citing *Dilbeck* for the principle that the six (6) questions in the comments to Rule 319 are mandatory, the supreme court reversed and remanded for a new trial. *Willis* was the authority cited by our court in *Commonwealth v. Dello Buono,* 271 Pa.Super.Ct. 572, 414 A.2d 631 (1979), to reverse and remand a guilty plea colloquy because the defendant had not been informed of the presumption of innocence.[3]

In *Commonwealth v. Wyatt,* 292 Pa.Super.Ct. 71, 436 A.2d 1009 (1981), a panel of our court was constrained to follow *Dello Buono* and reverse a guilty plea because the court failed to inform the defendant that he was presumed innocent until proven guilty. MONTEMURO, J., who wrote the opinion for the panel, said it was clear from the record that the defendant's guilty plea was knowing and intelligent. *Id.,* 292 Pa.Superior Ct. at 73, 436 A.2d at 1010. Although the defendant in *Wyatt* was not informed of the presumption of innocence, he was advised that the Commonwealth must prove every element of the crime beyond a reasonable doubt. The opinion in *Wyatt* did not discuss the relation of proof beyond a reasonable doubt to the concept of presumption of innocence. We presume, however, that proof beyond reasonable doubt is not the obverse of presumption of innocence. Unlike *Wyatt,* in *Ingram, Dilbeck, Willis,* and *Dello Buono,* the respective colloquies referred neither to proof beyond a reasonable doubt nor to presumption of innocence. In the instant case, the trial judge informed Appellant not only that the prosecution would have the burden of proving his guilt beyond a reasonable doubt, but also "before a jury could find you guilty . . . all twelve of them would have to

---

**3.** In *Dello Buono,* the failure to inform defendant of the presumption of innocence constituted an "additional reason" for reversal. 271 Pa.Super.Ct. at 579, 414 A.2d at 634. The opinion discusses the lower court's failure to inform the defendant that the verdict of the jury must be unanimous. The "additional reason" of failure to mention presumption of innocence is not discussed by our court's opinion in *Dello Buono.*

agree that you are guilty beyond a reasonable doubt." When the trial judge informed Appellant that the members of the jury must agree *before they could find him guilty,* the judge was, in essence, informing Appellant that he was innocent until proven guilty. The phrase, "before a jury could find you guilty," conveys the same idea as the phrase, "presumed innocent."

Two recent decisions by our court, considering the validity of a waiver of jury trial, have viewed the colloquies in question in light of the intent conveyed rather than requiring that the lower court employ specific words and phrases. Our court en banc decision in *Commonwealth v. Fortune,* 289 Pa.Super.Ct. 278, 433 A.2d 65 (1981), held that a waiver of jury trial was not defective because the trial judge failed to inform the defendant either that the jury would be composed of his peers or that the jury was composed of members of the community. *See Commonwealth v. Williams,* 454 Pa. 368, 312 A.2d 597 (1973). In *Fortune,* the trial judge advised Appellant that "12 people . . . would sit as that jury. . . ." Our court, per HESTER, J., with SPAETH, J., dissenting, held that the "essential ingredients of a jury trial" had been explained to the defendant. The judge's failure to employ specific words did not constitute error. 289 Pa.Super.Ct. at 290, 433 A.2d at 71.

*Commonwealth v. Sanders,* 299 Pa.Super.Ct. 410, 445 A.2d 820 (1982), also involved a colloquy pursuant to the waiver of a jury trial. The trial judge in *Sanders* informed the defendant that "twelve members of the Dauphin County community would come together to decide your guilt or innocence. . . ." *Id.,* 299 Pa.Superior Ct. at 415, 445 A.2d 820. Our court held that the colloquy in question was not defective but that the "essential ingredients" of a jury trial had been explained to the defendant. *Id.,* 299 Pa.Superior Ct. at 413, 445 A.2d 820.

■ In the instant case, the "essential ingredients" of the presumption of innocence were explained to Appellant. By informing him that the verdict must be unanimous "before a jury could find you guilty," Appellant was advised that the

jury would not even have the power to find him guilty until the condition of unanimity had been fulfilled. Since a person is innocent until he has been found guilty, the foregoing phrase in the instant case conveyed the "essential ingredients" of the concept, presumption of innocence. The court's instruction in the instant case goes beyond that of the trial court in *Wyatt*, which advised the defendant only of the need for proof beyond a reasonable doubt. Since the respective trial courts in *Ingram, Dilbeck, Willis,* and *Dello Buono* were completely silent regarding the presumption of innocence, the instant decision does not conflict with the aforesaid cases. Likewise, since the colloquy in *Wyatt* referred merely to the Commonwealth's burden of proof beyond a reasonable doubt, our decision in the instant case does not conflict with the holding in *Wyatt.*

■ As his second issue, Appellant argues that the lower court erred in denying Appellant's motion for modification of sentence. As rationale for the modification of sentence, Appellant claimed: (1) that he could not receive adequate treatment for his diagnosed drug problem if he were incarcerated in a state prison; and (2) a state prison could not adequately deal with his emotional and psychiatric problems.

Appellant had previously been enrolled in a drug and alcohol treatment center; however, because he violated the rules of that institution, the trial judge imposed a penitentiary sentence. Appellant's motion for modification of sentence requests the lower court to consider that Appellant violated the rules of the treatment center in order to have increased contact with his sick mother and his pregnant girlfriend. In denying Appellant's motion for modification of sentence, the lower court considered all of the foregoing factors. We find no abuse of discretion in the lower court's denial of Appellant's motion.

For the foregoing reasons, the judgment of sentence is affirmed.

LIPEZ, J., files a concurring opinion.

LIPEZ, Judge, concurring.

"The 'presumption of innocence' is not a presumption at all but simply another way of stating the rule that the prosecutor has the burden of proving the guilt of the accused beyond a reasonable doubt." McCormick, 2nd Ed., p. 829.

I agree, therefore, that the colloquy here was adequate; and I further agree that the court below was not in error in denying appellant's motion for modification of sentence.