480 A.2d 1245

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Clifton F. BEST, Appellee.**

Superior Court of Pennsylvania.

Submitted March 5, 1984.

Filed Aug. 24, 1984.

Petition for Allowance of Appeal Denied March 21, 1985.

178

Gaele M. Barthold, Assistant District Attorney, Philadelphia, for Commonwealth, appellant.

Charles A. Cunningham, Philadelphia, for appellee.

Before ROWLEY, POPOVICH and CERCONE, JJ.

ROWLEY, Judge:

On July 10, 1981, appellee was charged with attempted murder, criminal conspiracy, simple and aggravated assault, possession of an instrument of crime and recklessly endangering another person, as a result of a vicious assault on an innocent victim that led to extensive personal injuries, some visible, some permanent. Appellee entered a counseled plea of guilty on January 7, 1982. Appellee was initially sentenced on March 17, 1982 to two consecutive five-to-ten year periods of incarceration for attempted murder and criminal conspiracy, and to a consecutive term of two and one-half to five years for possession of an instrument of crime. Upon reconsideration of sentence on April 14, 1982,[1] the sentences for attempted murder and possession of an instrument of crime were vacated. The sentence for criminal conspiracy was allowed to stand and appellee was also sentenced to a consecutive five-to-ten year period of incarceration for aggravated assault. Appellee then presented a motion to withdraw his guilty plea on May 14, 1982, on the ground that the on-the-record colloquy was defective for failure to adequately address the presumption of innocence. The

1. Reconsideration of the sentence was granted on the ground that more than one conviction for offenses designed to culminate in a single crime is prohibited by 18 Pa.C.S.A. § 906.

motion to withdraw the guilty plea was granted on July 7, 1982, and the Commonwealth has filed this direct appeal.

The Commonwealth argues that the guilty plea colloquy was not defective and that the lower court erred in allowing its post-sentence withdrawal merely because appellee's counsel did not use the words "presumption of innocence" in the plea colloquy. The Commonwealth maintains that the defendant failed to present evidence demonstrating a manifest injustice, the standard for post-sentence plea withdrawal. An examination of the comprehensive colloquy and the following relevant information conveyed to appellee regarding the presumption of innocence reveals that appellee's plea was knowing, voluntary and intelligent. Appellee's counsel advised appellee of the following:

MR. CUNNINGHAM: Now you would not have to present any evidence whatsoever during your trial. The burden of proof would be on the Commonwealth, and the Commonwealth alone. Do you understand that?

THE DEFENDANT: Yes.

MR. CUNNINGHAM: And, that the Commonwealth would have to prove your guilt to each and every one of those twelve jurors beyond a reasonable doubt. Do you understand that?

THE DEFENDANT: Yes.

MR. CUNNINGHAM: So that if just one of those jurors did not believe that you were guilty, you could not be found guilty. Do you understand that?

\*　　\*　　\*　　\*　　\*　　\*

MR. CUNNINGHAM: Do you also understand that each and every one of those twelve jurors would have to be convinced of every element of each and every crime that you were charged with before they could find you guilty?

THE DEFENDANT: Yes.

MR. CUNNINGHAM: Do you understand that?

THE DEFENDANT: Yes.

MR. CUNNINGHAM: So that if there was an element of a crime that was not proved beyond a reasonable doubt by the Commonwealth, the jury would be instructed that they could not find you guilty of that crime. Do you understand that?

THE DEFENDANT: Yes.

(Notes of Testimony, January 7, 1982, pp. 18–20.)

The Assistant District Attorney also questioned appellee in the following manner:

MR. LEVIN: Do you understand that if you gave up your right to be tried by a jury you could also choose to be tried by Judge Katz sitting alone. And all the rules of the trial would be exactly the same. The only difference would be that Judge Katz alone would make the decision whether or not he was convinced beyond a reasonable doubt that you were guilty of the offenses charged, and the difference being if you had a jury, twelve people would have to be picked.

If there was a jury there could be a disagreement, and if there was a disagreement you couldn't be acquitted, and you couldn't be found guilty, a hung jury. Then the Commonwealth would have the duty to come back and retry you. Do you understand that?

THE DEFENDANT: Yes, sir.

MR. LEVIN: Do you understand, sir, that no matter how you chose to be tried, if you went to trial the Commonwealth would have to find you guilty beyond a reasonable doubt. And, beyond a reasonable doubt is what they call a word of art. The case law defines what it is. I have to define what a reasonable doubt is before you can plead guilty. A reasonable doubt has been defined variously as that type of doubt which would cause a prudent person, meaning somebody with some sense, to stop and hesitate or restrain themselves in some manner of utmost importance in their life. It doesn't mean which shirt to wear when they wake up in the morning, a matter of utmost importance, signing in the army, should I get married, should I buy a house. Some-

body considering that type of decision. If after hearing the evidence they stopped and hesitated, that would be what's called a reasonable doubt. Do you understand that, sir?

THE DEFENDANT: Yes, sir.

(Notes of Testimony, January 7, 1982, pp. 32–34.)

After reviewing the entire record, we hold that the mere failure of defendant's counsel to use the words "presumption of innocence" in the instant case does not render the colloquy defective and that the appellee has not demonstrated any manifest injustice.

■ It is well established that the proper standard required to withdraw a guilty plea submitted to a trial court after sentencing is "a showing of prejudice on the order of manifest injustice." *Commonwealth v. Shaffer*, 498 Pa. 342, 346, 446 A.2d 591, 593 (1982); *Commonwealth v. Starr*, 450 Pa. 485, 490, 301 A.2d 592, 595 (1973). This standard was imposed in order to avoid the use of the plea proceeding as a sentence-testing device. In *Shaffer*, Justice Flaherty aptly pointed out that the defendant must demonstrate that the "plea was not *voluntary* or that the plea was entered *without knowledge of the charge* such that refusing to allow the petitioner to withdraw his plea would amount to a manifest injustice." *Commonwealth v. Shaffer*, 498 Pa. at 347, 446 A.2d at 593. Here, as in *Shaffer*, appellee has not established or argued that his plea was involuntary or without knowledge of the charges against him. Instead, appellee maintains that his plea was invalid because he was not informed that he was "presumed innocent" until proven guilty. The trial court determined that this, by itself, was an adequate reason to allow appellee to withdraw his plea. We cannot agree.

The trial judge relied on *Commonwealth v. Willis*, 471 Pa. 50, 369 A.2d 1189 (1977), wherein, the Supreme Court reversed the defendant's conviction because he had not been informed during the guilty plea colloquy of the presumption of innocence. The Supreme Court observed that the Comments to Rule 319(a) of the Pennsylvania Rules of Criminal

Procedure recommend that certain questions be asked during a colloquy in order to protect the defendant's rights.[2] These questions include an inquiry into the defendant's understanding that he is presumed innocent until proven guilty. The Court stated that the failure to satisfy the minimal requirements outlined in the Comments to Rule 319(a) would result in reversal. *See also, Moore v. Commonwealth*, 477 Pa. 512, 384 A.2d 1206 (1978).

Initially, we note that the Comments to Rule 319(a) state that "[i]t is difficult to formulate a comprehensive list of questions a judge must ask of a defendant in determining whether a judge should accept the plea of guilty ... at a minimum, the judge *should* ask questions to elicit the following information ..." (emphasis added.) In *Commonwealth v. Seibert*, 305 Pa.Super. 321, 451 A.2d 552 (1982), (cited with approval by the Supreme Court in *Commonwealth v. Anthony*, 504 Pa. 551, 475 A.2d 1303 (1984), our court held that the failure of the trial court to specifically advise appellant that he was presumed innocent did not render the plea colloquy defective where the "essential ingredients" of the presumption of innocence were explained to the defendant. The court distinguished *Willis* on the ground that the colloquy in that case did not address the concept of proof beyond a reasonable doubt or the presumption of innocence. The court stated:

**2.** The comments to Pa.R.Crim.P. Rule 319(a), 42 Pa.C.S.A., state in part:

At a minimum the judge should ask questions to elicit the following information:

(1) Does the defendant understand the nature of the charges to which he is pleading guilty?

(2) Is there a factual basis for the plea?

(3) Does the defendant understand that he has the right to trial by jury?

(4) Does the defendant understand that he is presumed innocent until he is found guilty?

(5) Is the defendant aware of the permissible range of sentences and/or fines for the offenses charged?

(6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

In the instant case, the "essential ingredients" of the presumption of innocence were explained to Appellant. By informing him that the verdict must be unanimous "before a jury could find you guilty", Appellant was advised that the jury would not even have the power to find him guilty until the condition of unanimity had been fulfilled. Since a person is innocent until he has been found guilty, the foregoing phrase in the instant case conveyed the "essential ingredients" of the concept, presumption of innocence.

*Id.* 305 Pa.Super. at 326–327, 451 A.2d at 554. In *Commonwealth v. Shaffer, supra,* the Supreme Court held that the failure to explain the elements of a crime to the defendant did not render the colloquy defective. The Court examined the totality of the circumstances surrounding the plea and determined that appellant had failed to establish prejudice on the order of manifest injustice. The Court observed that sanctioning automatic reversal upon a determination that the elements of the crimes were not recited during the colloquy "would depart from reason in this case, by ignoring the circumstances of the entry of the plea, the obvious motives of the defendant, and the prejudice to the Commonwealth; blind adherence to a *per se* rule would not, in this case, comport with any notion of remedying a 'manifest injustice'." 498 Pa. at 349, 446 A.2d at 594. *See also, Commonwealth v. Herberg,* 306 Pa.Super. 245, 452 A.2d 536 (1982) (applying totality of circumstances test, the court determined that the failure to inform defendant of requirement of unanimous jury verdict did not constitute manifest injustice and did not affect validity of plea).

More recently, in *Commonwealth v. Anthony,* 307 Pa.Super. 312, 453 A.2d 600 (1982), *affirmed* 504 Pa. 551, 475 A.2d 1303 (1984) this court determined that the omission of a unanimity statement from the colloquy was not a *per se* defect, and thus, the trial court's denial of a *pre-sentence* motion to withdraw a guilty plea was upheld. In that case, the court stated:

t is far more reasonable and sound to declare that while such an omission sounds in neglect, it does not, without more—specifically, prejudice—create a per se defect. It is only when appellate scrutiny of the entire record results in the conclusion that prejudice has occurred, that such an omission can rise to a defect and the voidable should become void.

*Id.* 307 Pa.Super. at 320, 453 A.2d at 604.

Applying the above principles to the facts in this case, we conclude that the "essential ingredients" of the presumption of innocence were explained to appellee and that the record is devoid of any showing of prejudice on the order of manifest injustice. The comprehensive colloquy herein clearly conveyed the presumption of innocence concept to the appellee. As in *Commonwealth v. Seibert, supra,* appellee was informed that all twelve jurors would have to be convinced beyond a reasonable doubt of every element of each crime before he could be found guilty. Appellee was likewise advised that the Commonwealth had the burden of proof and that if any of the jurors disagree, he would not be found guilty. When appellee was informed that the members of the jury had to agree "before they could find [him] guilty" he was, in effect, informed that he was innocent until proven guilty. Indeed, appellee was questioned concerning his understanding of the concepts of guilt beyond a reasonable doubt and unanimity of the jury in open court by his own counsel, and then the assistant district attorney *repeated* that inquiry in greater detail. The record of the colloquy reveals that appellee's plea was voluntarily, knowingly, and intelligently tendered and there has been no showing that the absence of the words "presumed innocent" affected the validity of his plea. Appellee openly and freely admitted his guilt when he entered a valid guilty plea. Additionally, the presumption of innocence had been recently explained to him at a guilty plea colloquy attendant to prosecution on other charges unrelated to the case at bar. In light of the circumstances in this case, we

conclude that the trial court erred in granting appellee's motion to withdraw his guilty plea.

For the foregoing reasons, the Order of the trial court granting appellee's motion to withdraw his guilty plea is reversed.

Jurisdiction relinquished.