535 A.2d 131

**COMMONWEALTH of Pennsylvania**

v.

**Terry Lynn PROCTOR, Appellant.**

Superior Court of Pennsylvania.

Submitted July 27, 1987.

Filed Dec. 7, 1987.

Anthony W. DeBernardo, Jr., Ruffs Dale, for appellant.

Donna J. McClelland, Assistant District Attorney, Pittsburgh, for Com., appellee.

Before CIRILLO, President Judge, and HOFFMAN and HESTER, JJ.

HOFFMAN, Judge:

This appeal is from an order denying appellant's motion to withdraw his plea of *nolo contendere*[1] to charges of criminal solicitation and promoting prostitution. Appellant contends that trial counsel was ineffective because he failed to object to a defective plea colloquy.[2] For the reasons that follow, we remand the case for an evidentiary hearing to determine whether trial counsel had a reasonable basis for failing to object to the lower court's colloquy.

Appellant was charged with criminal solicitation and promoting prostitution, and was to have been tried with a co-defendant who had been charged with rape. Pursuant to a plea agreement, appellant pled *nolo contendere* to the

---

1. Under Pennsylvania law, the procedure governing the withdrawal of pleas of *nolo contendere* and pleas of guilty is the same. *See Commonwealth v. Hayes*, 245 Pa.Superior Ct. 521, 523, 369 A.2d 750, 751 (1976).

2. Appellant also contends that trial counsel was ineffective for failing to (1) object to the lower court's failure to order a presentence report; (2) move for severance of appellant's case from that of his co-defendant; and (3) object when the court relied on appellant's statement that he understood the implications of entering a plea. In addition, appellant contends that the lower court erred by proceeding with a hearing on appellant's motion to withdraw his plea when it was aware that trial counsel wished to withdraw from the case. We do not reach these issues because of our disposition of appellant's claim that trial counsel was ineffective for failing to object to a defective plea colloquy.

charges. Appellant was sentenced to a one-to-four-year term of imprisonment. A timely motion to withdraw appellant's plea of *nolo contendere* was filed by trial counsel, and after a hearing, the motion was denied. New counsel was appointed, and this appeal followed.

■ Appellant contends that trial counsel was ineffective because he failed to object to a defective plea colloquy. The determination whether counsel rendered ineffective assistance is arrived at through a two-prong test. First, we must ascertain whether the issue underlying the claim of ineffectiveness has arguable merit. *Commonwealth v. Buehl*, 510 Pa. 363, 378, 508 A.2d 1167, 1174 (1986). This requirement is based upon the principle that we will not find counsel ineffective for failing to pursue a frivolous claim or strategy. *Commonwealth v. Parker*, 503 Pa. 336, 341, 469 A.2d 582, 584 (1982). Second, if appellant's claim does have arguable merit, we must determine whether "the course chosen by counsel had some reasonable basis designed to serve the best interests of the client." *Commonwealth v. Buehl, supra* (citing *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 605, 235 A.2d 349, 353 (1967)).

■ If our review of the record reveals that counsel was ineffective, we then must determine whether appellant has demonstrated that counsel's ineffectiveness worked to his or her prejudice. *Commonwealth v. Pierce*, 515 Pa. 153, 156, 527 A.2d 973, 975 (1987). To determine whether appellant was prejudiced, our Supreme Court adopted the test announced by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Commonwealth v. Pierce, supra*, 515 Pa. at 161, 527 A.2d at 976–77. Under *Strickland,* to prove that counsel's ineffectiveness resulted in prejudice, an appellant must show that the error was "so serious as to deprive [him or her] of a fair trial, a trial whose result was reliable." *Strickland v. Washington, supra*, 466 U.S. at 687, 104 S.Ct. at 2064.

In this case, there has been no evidentiary hearing on appellant's ineffectiveness claim. We must, therefore, ex-

amine his claim, determine whether it has arguable merit and has prejudiced appellant, and if so, remand for an evidentiary hearing to determine whether counsel had a reasonable basis for his actions. *See Commonwealth v. Spotts*, 341 Pa.Superior Ct. 31, 33, 491 A.2d 132, 134 (1985).

■ Accordingly, the first step in our analysis is to determine whether appellant's underlying claim—that his due process rights were compromised because his plea colloquy was defective—has arguable merit. Our Courts have repeatedly held that a court must ensure that a plea is knowing, intelligent and voluntary, *see, e.g., Commonwealth v. Willis*, 471 Pa. 50, 52, 369 A.2d 1189, 1189–90 (1977); *Commonwealth v. Ingram*, 455 Pa. 198, 200, 316 A.2d 77, 78 (1974); *Commonwealth v. Dello Buono*, 271 Pa.Superior Ct. 572, 577–78, 414 A.2d 631, 633–34 (1979), and this is to be accomplished by means of an on-the-record colloquy, *Commonwealth v. Dello Buono, supra*, 271 Pa. Superior Ct. at 577, 414 A.2d at 633. In this vein, our Supreme Court has held that a court hearing a plea is required to elicit the following information from the defendant:

(1) Does the defendant understand the nature of the charges to which he is pleading guilty?

(2) Is there a factual basis for the plea?

(3) Does the defendant understand that he has the right to trial by jury?

(4) Does the defendant understand that he is presumed innocent until he is found guilty?

(5) Is the defendant aware of the permissible range of sentence and/or fines for the offenses charged?

(6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

*Commonwealth v. Dilbeck*, 466 Pa. 543, 547, 353 A.2d 824, 826–27 (1976); Pa.R.Crim.P. 319(a). Importantly, failure to satisfy these minimal requirements is reversible error. *Commonwealth v. Dilbeck, supra.*

In this case, appellant contends that his plea colloquy was defective because the lower court failed to inform him about the presumption of innocence. A review of the record discloses that the court did omit that portion of the colloquy. N.T. January 14, 1987 at 8–12. A court's failure to inform a criminal defendant about the presumption of innocence will result in reversal.[3] *See Commonwealth v. Willis, supra,* 471 Pa. at 52, 369 A.2d at 1189; *see also Commonwealth v. Dello Buono, supra,* 271 Pa.Superior Ct. at 578–79, 414 A.2d at 634. Because the plea colloquy was defective, we conclude that appellant's claim that his trial counsel was ineffective is meritorious. Moreover, appellant clearly was prejudiced by this failure, as had he been informed of the presumption of innocence, he might have sought to withdraw his plea of *nolo contendere* and proceed to trial. Accordingly, we remand to the lower court for an evidentiary hearing on the question whether trial counsel had a reasonable basis for failing to object to the lower court's failure to inform appellant of the presumption of innocence. *Commonwealth v. Spotts, supra,* 341 Pa.Superior Ct. at 33, 491 A.2d at 134.

Judgment of sentence vacated and case remanded for proceedings consistent with this opinion. Jurisdiction is relinquished.

**3.** We note that this Court held in *Commonwealth v. Siebert,* 305 Pa.Superior Ct. 321, 451 A.2d 552 (1982), that a lower court's failure to inform a defendant about the presumption of innocence was not reversible error. In that case, Judge Johnson concluded that

> In the instant case, the trial judge informed Appellant not only that the prosecution would have the burden of proving his guilt beyond a reasonable doubt, but also 'before a jury could find you guilty . . . all twelve of them would have to agree that you are guilty beyond a reasonable doubt.' *When the trial judge informed Appellant that the members of the jury must agree before they find him guilty, the judge was, in essence, informing Appellant that he was innocent until proven guilty. The phrase 'before a jury could find you guilty,' conveys the same idea as the phrase 'presumed innocent.'*

*Id.,* 305 Pa.Superior Ct. at 325–26, 451 A.2d at 553 (emphasis added). *Siebert,* however, is inapplicable to the present case because here appellant was neither informed that he is presumed innocent nor that a jury would have to find him guilty beyond a reasonable doubt. N.T. January 14, 1987 at 8–12.