J-S24026-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TARIQ MAVEN, | |
| Appellant | No. 2731 EDA 2014 |

Appeal from the PCRA Order entered September 18, 2014,
in the Court of Common Pleas of Philadelphia County,
Criminal Division, at No(s): CP-51-CR-0003598-2011

BEFORE:  GANTMAN, P.J., ALLEN, and MUSMANNO, JJ.

MEMORANDUM BY ALLEN, J.:                    **FILED APRIL 13, 2015**

Tariq Maven ("Appellant") appeals from the order denying his first petition filed under the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. sections 9541-46.  We affirm.

The PCRA court summarized the pertinent facts as follows:

> On July 19th, 2010, at approximately 10:30 p.m., [Appellant,] along with codefendant[s] Eugene Mincey and Shaku Maven went looking for the complainant, the victim in this case Akiem. . .Smith for the purposes of shooting him.  At that time they spotted Akiem Smith driving towards the area of 500 Pierce Street in his Cadillac. [Appellant] and Eugene Mincey opened fire on Akiem Smith.  After they shot him, the three of them ran away. [Appellant] was identified by a witness who was at the street at the time of the murder.  [Appellant] was brought in for questioning and he did give a statement admitting his role in this incident and naming his codefendants.  An autopsy was performed on Akiem Smith.  At the time of his death he was 19 years-old.  Dr. Edwin Lieberman would testify that the cause of death was homicide.

>    [Appellant] did not have a valid license to carry a firearm
>    in Philadelphia.

PCRA Court Opinion, 9/18/14, at 2 (citing N.T., 11/30/12, at 26-27). On November 10, 2010, Appellant was arrested and charged with criminal homicide and related offenses.

On November 30, 2012, Appellant entered into a negotiated plea to third-degree murder, conspiracy, and firearms not to be carried without a license. In return, the Commonwealth recommended an aggregate sentence of twenty-five to fifty years of imprisonment. That same day, the trial court sentenced Appellant in accordance with the plea agreement. Appellant filed neither a post-sentence nor a direct appeal.

On March 1, 2013, Appellant filed a timely *pro se* PCRA petition, as well as a supplemental petition on May 10, 2013. The PCRA court appointed counsel on October 13, 2013, and PCRA counsel filed an amended PCRA petition on March 28, 2014. On July 30, 2014, the Commonwealth filed a motion to dismiss. On August 13, 2014, after hearing the parties' arguments, the PCRA court denied Appellant's request for an evidentiary hearing. That same day, the PCRA court issued Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's amended PCRA petition. Appellant filed a response on August 29, 2014. By order entered September 18, 2014, the PCRA court denied Appellant's petition. This timely appeal follows. The PCRA court did not require Pa.R.A.P. 1925 compliance.

Appellant raises the following issue:

> 1) Whether the PCRA court violated paragraph (1) of Pa.R.Crim.P. 907 by summarily dismissing [Appellant's PCRA] petition without [an] evidentiary hearing, in light of counsel's failure to raise and/or preserve [an objection to] the [trial] court's defective plea colloquy, where there was a genuine issue of material fact as to whether [Appellant's] failure to understand his presumption of innocence induced him to enter into a guilty plea.

Appellant's Brief at 5.

In reviewing the propriety of an order granting or denying PCRA relief, an appellate court is limited to ascertaining whether the record supports the determination of the PCRA court and whether the ruling is free of legal error. *Commonwealth v. Johnson*, 966 A.2d 523, 532 (Pa. 2009). We pay great deference to the findings of the PCRA court, "but its legal determinations are subject to our plenary review." *Id.* A PCRA court may decline to hold a hearing on the petition if the PCRA court determines that the petitioner's claim is patently frivolous and is without a trace of support in either the record or from other evidence. *Commonwealth v. Jordan*, 772 A.2d 1011 (Pa. Super. 2001).

To be entitled to relief under the PCRA, the petitioner must plead and prove by a preponderance of the evidence that the conviction or sentence arose from one or more of the errors enumerated in section 9543(a)(2) of the PCRA. One such error involves the ineffectiveness of counsel. To obtain relief under the PCRA premised on a claim that counsel was ineffective, a petitioner must establish by a preponderance of the evidence that counsel's ineffectiveness so undermined the truth-determining process that no reliable

adjudication of guilt or innocence could have taken place. ***Johnson***, 966 A.2d at 532. "Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner." ***Id.*** This requires the petitioner to demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) the petitioner was prejudiced by counsel's act or omission. ***Id.*** at 533. A finding of "prejudice" requires the petitioner to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." ***Id.*** Counsel cannot be deemed ineffective for failing to pursue a meritless claim. ***Commonwealth v. Loner***, 836 A.2d 125, 132 (Pa. Super. 2003) (*en banc*), *appeal denied*, 852 A.2d 311 (Pa. 2004).

When asserting a claim of ineffectiveness of counsel in the context of a guilty plea, a defendant must show that plea counsel's ineffectiveness induced him to enter the plea. ***Commonwealth v. Johnson***, 875 A.2d 328, 331 (Pa. Super. 2005). We have stated:

> Because a plea of guilty effectively waives all non-jurisdictional defects and defenses, after sentencing, allegations of ineffectiveness of counsel in this context provide a basis for withdrawal of the plea only where there is a causal nexus between counsel's ineffectiveness, if any, and an unknowing or involuntary plea. The guilty plea hearing becomes ***the*** significant procedure under scrutiny. The focus of the inquiry is whether the accused was misled or misinformed and acted under that misguided influence when entering the guilty plea.

*Commonwealth v. Flood*, 627 A.2d 1193, 1199 (Pa. Super. 1993) (citations omitted).

With regard to the validity of guilty pleas, our Court has reiterated:

> Pennsylvania has constructed its guilty plea procedures in a way designed to guarantee assurance that guilty pleas are voluntarily and understandingly tendered. The entry of a guilty plea is a protracted and comprehensive proceeding wherein the court is obliged to make a specific determination after extensive colloquy on the record that a plea is voluntarily and understandingly tendered.

*Commonwealth v. Yeomans*, 24 A.3d 1044 (Pa. Super. 2011) (citing *Commonwealth v. Fluharty*, 632 A.2d 312, 314 (Pa. Super. 1993)).

Rule 590 of the Pennsylvania Rules of Criminal Procedure delineates a trial court's acceptance of a guilty plea. It first requires that a guilty plea be offered in open court. The rule then provides a procedure to determine whether the plea is voluntarily, knowingly, and intelligently entered. As noted in the Comment to Rule 590, at a minimum, the trial court should ask questions to elicit the following information:

(1) Does the defendant understand the nature of the charges to which he or she is pleading guilty or *nolo contendere*?

(2) Is there a factual basis for the plea?

(3) Does the defendant understand the he or she has the right to trial by jury?

(4) Does the defendant understand that he or she is presumed innocent until found guilty?

(5) Is the defendant aware of the permissible range of sentences and/or fines for the offenses charged?

> (6)    Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

Pa.R.Crim.P. 590, Comment.[1]

> In **Yeomans**, we explained:

> > In order for a guilty plea to be constitutionally valid, the guilty plea colloquy must affirmatively show that the defendant understood what the plea connoted and its consequences.  This determination is to be made by examining the totality of the circumstances surrounding the entry of the plea.  Thus, even though there is an omission or defect in the guilty plea colloquy, a plea of guilty will not be deemed invalid if the circumstances surrounding the entry of the plea disclose that the defendant had a full understanding of the nature and consequences of his plea and that he knowingly and voluntarily decided to enter the plea.

**Yeomans**, 24 A.3d at 1047 (citing **Commonwealth v. Fluharty**, 632 A.2d 312, 314-15)).   Additionally, our Supreme Court has held that our trial courts, when considering the totality of the circumstances surrounding a guilty plea, may consider a wide array of relevant evidence, including transcripts from other proceedings, off-the-record communications with counsel, and written plea agreements.  **Commonwealth v. Allen**, 732 A.2d 582, 589 (Pa. 1999).

Here, Appellant claims that the PCRA court erred in "summarily dismissing [his PCRA] petition for relief without [an] evidentiary hearing, in

---

[1] The Comment also includes a seventh proposed question that is only applicable when a defendant pleads guilty to murder generally.

light of the [] defective plea colloquy when there was a genuine issue of material fact whether [A]ppellant understood and was advised by counsel that he was presumed innocent until proven guilty[.]" Appellant's Brief at 9. Appellant supports his assertion by noting that the trial court did not use the term "presumed innocent until proven guilty" during its oral colloquy with him. *Id.* at 15.

In rejecting Appellant's claim, the PCRA court, which also sat as the trial court, reasoned:

> In **Commonwealth v. Best**, 480 A.2d 1245, 1247 (Pa. Super. 1984), [the defendant] pled guilty to Attempted Murder and related charges. Superior Court held that the mere failure of defendant's counsel to use the words "presumption of innocence" did not render the plea colloquy defective. The court explained that the "essential ingredients" of the concept of presumption of innocence were explained to the defendant. **Id.** The colloquy explained that the Commonwealth had the burden to prove the defendant guilty beyond a reasonable doubt and that the jury would have to be unanimous to convict. **Id.** Under the totality of the circumstances the comprehensive colloquy allowed the defendant to make a voluntary, knowing, and intelligent decision to enter into a guilty plea; thus, the defendant could not make a showing of prejudice on the order of manifest injustice. **Id.**; **see also Commonwealth v. Siebert**, 451 A.2d 552, 554 (Pa. Super. 1982).
>
> [Appellant] knew that he was presumed innocent until proven guilty. [He] reviewed a written guilty plea explaining his rights, including his presumption of innocence. N.T., 11/30/2012 at 19; Exhibit 1. Trial counsel reviewed the written colloquy with [Appellant] after which [Appellant] signed the colloquy. **Id.** at 19, 23, 26. [Appellant] confirmed during the oral colloquy that he knew his rights. **Id.** at 19-20. It is clear that [Appellant] was informed of his presumption of innocence.

- 7 -

This Court conducted a thorough and detailed oral colloquy with [Appellant] before accepting his guilty plea. During the plea colloquy this Court explained the nature of the charges against [Appellant], including the elements of the offenses, the theory of conspiratorial liability, and the maximum penalties to which [Appellant] was subject. N.T., 11/30/2012 at 9-10, 15-17. This Court highlighted [Appellant's] jury rights. *Id.* at 20-23. Similar to the court in *Best* and *Siebert*, this Court explained to [Appellant] that the Commonwealth had the burden of proving every element of the crime and proving [Appellant] guilty beyond a reasonable doubt. *Id.* at 22. This Court advised [Appellant] that the jury had to be unanimous in its decision to find him guilty. *Id.* at 21. Finally, this Court informed [Appellant] of the consequences of entering a guilty plea. *Id.* at 23.

The "essential ingredients" of the concept of presumption of innocence were conveyed to [Appellant] during the oral colloquy, even though the exact words ["presumption of innocence"] were not spoken. The oral colloquy was in addition to the written colloquy which also informed [Appellant] of his presumption of innocence. The plea colloquy, both oral and written, conveyed all the necessary information for [Appellant] to make a knowing, intelligent, and voluntary decision. Trial counsel was not ineffective when he did not object to this Court's omission of the phrase "presumption of innocence." This claim is meritless.

PCRA Court Opinion, 9/18/14, at 4-6.

Our review of the certified record supports the PCRA Court's conclusions. Appellant contends that the PCRA court erred in concluding that he knew he was presumed innocent until proven guilty. According to Appellant, "[b]ecause [t]he circumstances surrounding [his] signing of the written colloquy and counsel's purported explanation of the same to [him]

- 8 -

was conducted off the record[,]" a factual issue arose, which necessitated an evidentiary hearing. Appellant's Brief at 16-17. We disagree.

Although Appellant cites case law within his brief that looks to the "totality of the circumstances", he fails to explain how the cases apply to the facts underlying his petition for PCRA relief. *See* Appellant's Brief at 14. Specifically, Appellant cites **Allen**, *supra*, which permits the trial court to rely on off-the-record communications with counsel. *Id*. Because the record before us refutes Appellant's claim that he has raised a material issue of fact, we find that the PCRA court did not err in dismissing Appellant's PCRA petition without a hearing. **Jordan**, *supra*.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>4/13/2015</u>