J-S67007-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| WILLIAM STANCIL | : | |
| | : | No. 821 EDA 2017 |
| Appellant | | |

Appeal from the Judgment of Sentence January 5, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0011116-2014

BEFORE:   GANTMAN, P.J., MUSMANNO, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:                **FILED NOVEMBER 02, 2017**

Appellant, William Stancil, appeals *nunc pro tunc* from the judgment of sentence of 27 to 55 years' incarceration entered in the Court of Common Pleas of Philadelphia County pursuant to the terms Appellant agreed to in his negotiated plea deal.  Herein, Appellant contends his plea was involuntary because he was not advised during his oral colloquy of the presumption of his innocence, and he requests a remand of this matter for trial.  We affirm.

The trial court's Pa.R.A.P. 1925(a) opinion sets forth the factual and procedural history as follows:

> The factual basis proffered by the Commonwealth for defendant's [hereinafter "Appellant"] guilty plea established the following:  On June 21, 2014, at around midnight, in the area of Rosalie Street and Colgate Street in Philadelphia, Appellant and Darryl Plowden approached Jose Rivera in order to rob Rivera at gunpoint.  When Rivera attempted to run away, Appellant pulled out a gun, which he was not licensed to carry, and shot Rivera one time in the

_____

*   Former Justice specially assigned to the Superior Court.

chest.  Rivera collapsed a short distance away.  Appellant and Plowden then took several items from Rivera's person, including a necklace that had a "J" for Jose on it.  Appellant and Plowden then fled the scene.  Rivera was pronounced dead and his body taken to the Medical Examiner's Office.  There, it was determined that Rivera was killed by a gunshot wound to the chest.  N.T. 1/5/16 at 30-31.

Based on a police investigation, Appellant was brought to the Philadelphia Homicide Unit in August, 2014.  After being given *Miranda*[fn] warnings and waiving his right to remain silent as well as his right to an attorney, Appellant confessed to the abovementioned facts.  In addition, Appellant agreed to be videotaped and gave a confession on video.  N.T. 1/5/16 at 31-32.

---

[fn. *Miranda v. Arizona*, 384 U.S. 436 (1966).]

---

\*\*\*

On January 5, 2016, Appellant pled guilty, pursuant to a negotiated guilty plea, to one count each of third degree murder (18 Pa.C.S. § 2502), robbery (18 Pa.C.S. § 3701(a)(1)(i)), criminal conspiracy (18 Pa.C.S. § 903), and possessing an instrument of crime (18 Pa.C.S. § 907)….  That day, the court imposed the negotiated aggregate sentence of 27 to 55 years' incarceration in state prison.

[On January 18, 2016, Appellant filed an untimely Motion to Withdraw his guilty plea, which was denied by operation of law on May 18, 2016.  Appellant then filed an untimely Notice of Appeal to the Superior Court, which quashed the appeal on October 3, 2016.  Appellant thereafter obtained reinstatement of his post-sentence motion and direct appeal rights *nunc pro tunc* through the vehicle of the PCRA.  On February 17, 2017, Appellant filed a timely post-sentence motion seeking withdrawal of his guilty plea, but the lower court denied the motion.]

Appellant has now appealed, raising the sole claim that "[his] guilty plea was not voluntary because he was not orally advised of his pretrial rights (including presumption of innocence) and

limited appellate rights and manifest injustice has occurred as a result of [his] not being allowed to withdraw his plea because he maintains his innocence." [Appellant's Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925(b)].

Trial Court Opinion, filed April 3, 2017, at 1-3.

Appellant presents the following question for our review:

SHOULD APPELLANT HAVE BEEN PERMITTED TO WITHDRAW HIS GUILTY PLEA WHEN HE WAS NOT INFORMED OF THE PRESUMPTION OF INNOCENCE DURING HIS ORAL GUILTY PLEA COLLOQUY AND WHEN THE PLEA CONSTITUTES MANIFEST INJUSTICE?

Appellant's brief at 4.

We review a trial court's denial of a motion to withdraw a plea for an abuse of discretion. ***Commonwealth v. Miller***, 748 A.2d 733, 735 (Pa.Super. 2000). This Court has stated:

[P]ost-sentence motions for withdrawal are subject to higher scrutiny since courts strive to discourage entry of guilty pleas as sentence-testing devices. A defendant must demonstrate that manifest injustice would result if the court were to deny his post-sentence motion to withdraw a guilty plea. Manifest injustice may be established if the plea was not tendered knowingly, intelligently, and voluntarily. In determining whether a plea is valid, the court must examine the totality of circumstances surrounding the plea. A deficient plea does not *per se* establish prejudice on the order of manifest injustice.

***Id.*** at 129 (internal citations and quotations marks omitted) (alteration in original).

Further, this Court has stated:

The Pennsylvania Rules of Criminal Procedure mandate pleas be taken in open court and require the court to conduct an on-the-record colloquy to ascertain whether a defendant is aware of his rights and the consequences of his plea. ***Commonwealth v. Hodges***, 789 A.2d 764, 765 (Pa.Super. 2002) (*citing* Pa.R.Crim.P.

590). Under Rule 590, the court should confirm, *inter alia,* that a defendant understands: (1) the nature of the charges to which he is pleading guilty; (2) the factual basis for the plea; (3) he is giving up his right to trial by jury; (4) and the presumption of innocence; (5) he is aware of the permissible ranges of sentences and fines possible; and (6) the court is not bound by the terms of the agreement unless the court accepts the plea. ***Commonwealth v. Watson***, 835 A.2d 786 (Pa.Super. 2003). The reviewing [c]ourt will evaluate the adequacy of the plea colloquy and the voluntariness of the resulting plea by examining the totality of the circumstances surrounding the entry of that plea. ***Commonwealth v. Muhammad***, 794 A.2d 378 (Pa.Super. 2002). Pennsylvania law presumes a defendant who entered a guilty plea was aware of what he was doing, and the defendant bears the burden of proving otherwise. ***Pollard***, ***supra.***

***Commonwealth v. Kpou***, 153 A.3d 1020, 1023–24 (Pa.Super. 2016) (quoting ***Commonwealth v. Prendes***, 97 A.3d 337, 351–54 (Pa.Super. 2014), ***impliedly overruled on other grounds by Commonwealth v. Hvizda***, 116 A.3d 1103, 1106 (Pa. 2015)).

Appellant claims that his plea was involuntary because he was not informed during his oral colloquy that he was presumed innocent until the finder of fact found otherwise. This claim is without merit.

Taking into consideration the totality of circumstances bearing on this claim, we note that Appellant reviewed with counsel his written plea colloquy, which explained his rights and included a statement on its first page stating "I am presumed innocent. That means that I start out innocent—and stay innocent unless the District Attorney proves I committed the crime(s)." Written Guilty Plea Colloquy, at 1). Appellant initialed that page and signed the written plea colloquy on the last page.

Moreover, during the oral colloquy, Appellant was apprised that "if you choose to go by way of jury trial, [the prosecutor] would call witnesses and bear the burden of proving you guilty beyond a reasonable doubt." N.T. 1/5/16 at 13. Appellant was also informed that only if a jury unanimously agreed he was guilty of the charges could he be convicted. N.T. at 14. Appellant confirmed that he understood his rights and was satisfied with his counsel's assistance.

Although the words "presumption of innocence" were never uttered during Appellant's plea hearing, such an omission did not render his plea colloquy defective. **See Commonwealth v. Best**, 480 A.2d 1245, 1248 (Pa.Super. 1984) (stating failure of trial court to "specifically advise" defendant he or she is presumed innocent does not render plea colloquy defective where colloquy otherwise conveyed both Commonwealth's burden of proof and necessity of unanimous jury). Therefore, given our review of Appellant's written and oral plea colloquies, we agree with the trial court that Appellant knowingly, voluntarily, and intelligently entered his guilty plea. Accordingly, there was no manifest injustice in the lower court's order denying Appellant's post-sentence motion to withdraw his guilty plea.

Judgment of sentence is AFFIRMED.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/2/2017