Commonwealth *v.* Dilbeck, Appellant.

114

Submitted January 10, 1973. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Robert P. Anderman,* for appellant.

*Ralph B. D'Iorio,* Assistant District Attorney, and *Stephen J. McEwen, Jr.,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, January 24, 1974:

The appellant, Buford Dilbeck, pleaded guilty to charges of murder and conspiracy. He was found guilty of second degree murder and received a sentence of ten to twenty years for second degree murder and a suspended sentence for conspiracy. The record does not indicate that any post-trial motions were filed, but an appeal from the judgment of sentence was filed in this Court.

Appellant's counsel in this appeal, who also served as appellant's trial counsel, has submitted a brief and has requested permission to withdraw as appellant's counsel. *Anders v. California,* 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), *Commonwealth v. Baker,* 429 Pa. 209, 239 A. 2d 201, 202 (1968). Appellant, pro se, has also submitted a brief in which he challenges

the adequacy of his counsel's brief under *Anders*. Appellant's pro se brief also raises the effectiveness of counsel's assistance at trial, and other issues not covered in the brief submitted by counsel.

We have examined the brief of counsel submitted to this Court and agree with appellant's claim that it does not meet the requirements of *Anders*. *Anders* requires "that the brief must be that of an advocate, not an *amicus curiae*." *Commonwealth v. Baker*, 429 Pa. 209, 211, 239 A. 2d 201, 202 (1968). Counsel's brief in this case is not that of an advocate for the appellant. Counsel's brief argues that the appellant's conviction should be affirmed. The prosecution did not file a brief for this appeal, stating that it did not intend to file a brief in the light of the contents and the conclusion contained in appellant's counsel's brief. Under such circumstances, the requirements of *Anders* were not met. *See Smith v. United States*, 384 F. 2d 649 (8th Cir. 1967); *Commonwealth v. Jones*, 451 Pa. 69, 301 A. 2d 811 (1973).

Since appellant's pro se brief in this appeal raises issues concerning whether counsel's assistance at trial was effective, we remand this matter for the appointment of new counsel to assist the appellant in this appeal or for a finding that the assistance of counsel has been knowingly, intelligently, and voluntarily waived. *Cf. Commonwealth v. Rightnour*, 453 Pa. 385, 309 A. 2d 415 (1973).

New counsel, if appointed, or the appellant, if the assistance of counsel is waived, shall submit a new brief to this Court. The prosecution shall then submit a brief in accordance with this Court's rules. After the submission of briefs, the appeal will be listed for argument.