353 A.2d 824

**COMMONWEALTH of Pennsylvania**

v.

**Buford DILBECK, Appellant.**

Supreme Court of Pennsylvania.

Argued Nov. 12, 1974.

Decided March 17, 1976.

Richard H. Anderson, Media, for appellant.

Stephen J. McEwen, Jr., Dist. Atty., Ralph B. D'Iorio, Asst. Dist. Atty., Media, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

MANDERINO, Justice.

This direct appeal from judgments of sentence for murder in the second degree and conspiracy was previously before this Court. At that time, appellant's counsel, who was also trial counsel, filed a brief with this Court. Appellant, Buford Dilbeck, pro se, also, submitted a brief challenging the effectiveness of his counsel's assistance both at trial and in the then pending appeal. We agreed with appellant that his counsel's appellate brief did not meet the requirements of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and *Commonwealth v. Baker*, 429 Pa. 209, 239 A.2d 201 (1968). Since appellant had also raised the issue of the same counsel's effective assistance at trial, we remanded the matter for the appointment of new counsel, unless waived by appellant on remand, and ordered new counsel, if appointed, to file a new brief and argue this appeal. *See Commonwealth v. Dilbeck*, 455 Pa. 113, 314 A.2d 505 (1974). Subsequent to our remand, new counsel was appointed and now represents appellant in this appeal.

Several issues are raised including a claim that the trial court failed to comply with Rule 319(a) of the

Pennsylvania Rules of Criminal Procedure in accepting appellant's plea of guilty to murder generally. Appellant contends that the trial court's pre-plea examination was deficient since it failed to elicit the information required by the Rule which was in effect at the time of the plea. Specifically, appellant charges that the colloquy failed to establish that the appellant understood the nature of the charges to which he was pleading guilty. We agree and therefore reverse.

■ Although a colloquy appears of record prior to the acceptance of the guilty plea, there was no inquiry to determine whether the appellant understood the nature of the charges to which he pleaded guilty. An examination of the colloquy discloses the following concerning the charges:

"[DEFENSE COUNSEL]: All right. Now, Buford, along with that, do you understand that by pleading guilty to murder generally you are pleading guilty to the fact that you caused the death of Harry Balthasor, Jr.?

[APPELLANT]: Yes, sir.

[DEFENSE COUNSEL]: And of course you are also pleading guilty to the crime of conspiracy and by that you are admitting that you conspired with some other person to cause his death.

[APPELLANT]: Yes, sir.

[DEFENSE COUNSEL]: Now, Buford, you realize that you are pleading guilty to the crime of murder generally and that his Honor will now have the obligation to decide what degree of murder, whether it be first degree murder, second degree murder or manslaughter? Do you understand that? That the Judge will now decide that?

[APPELLANT]: I do."

The above inquiry does not meet the requirements of Rule 319(a), which was in effect at the time of appel-

lant's plea on April 15, 1971. In *Commonwealth v. Ingram*, 455 Pa. 198, 316 A.2d 77 (1974), under almost identical circumstances, we invalidated the trial court's acceptance of a guilty plea entered on June 18, 1971, saying,

> "an adequate on the record colloquy under Rule 319(a) [of the Pennsylvania Rules of Criminal Procedure] must include a demonstration 'that the defendant understands the nature of the charges. . . .' (citations omitted) . . . to demonstrate . . . such understanding, [the defendant] must be told more than just that he has been charged with murder or robbery, for example. While such terms clearly connote some meaning to the layman, this meaning does not always embrace the basic legal elements of the crime. If this were not the case, there would be no need for instructions to a jury on such points, for certainly, an average defendant cannot be presumed to understand more than an average juror. Thus, for an examination to demonstrate a defendant's understanding of the charge, *the record must disclose that the elements of the crime or crimes charged were outlined in understandable terms.*" (Emphasis added.)

*Id.* at 203–204, 316 A.2d at 80. See also *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), which pointed out that an understanding of the charges is necessary before a plea of guilty is accepted because the plea is an admission of all elements of the crime charged.

Appellant here was told simply that his guilty plea was to a charge of murder generally and conspiracy to murder, and that, if accepted, a degree of guilt hearing would be held at which he could be found guilty of either murder in the first degree, murder in the second degree, or voluntary manslaughter. No effort was made to explain the elements of any of these crimes. Nor does the record show that appellant understood their nature. No

mention was made of the element of the crime of murder known as "malice."

> "Appellant was entitled to an explanation of the elements of the crime of murder with an illustrative elucidation of the term 'malice.' This explanation was not given. Thus, the questions asked were inadequate."

*Id.* 455 Pa. at 204, 316 A.2d at 80.

The Comments to Rule 319(a) of the Pennsylvania Rules of Criminal Procedure recommend that "at a *minimum* the judge asked questions to elicit the following information:"

(1) Does the defendant understand the nature of the charges to which he is pleading guilty?

(2) Is there a factual basis for the plea?

(3) Does the defendant understand that he has the right to trial by jury?

(4) Does the defendant understand that he is presumed innocent until he is found guilty?

(5) Is the defendant aware of the permissible range of sentences and/or fines for the offenses charged?

(6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

■ We reiterate here what was said in *Ingram, supra,* at 204–205, 316 A.2d at 81: "Adherence to [the guidelines set out in the Comments to Rule 319(a)] will serve to protect the rights of defendants while simultaneously facilitating appellate review." Failure to satisfy these minimal requirements will result in reversal. *Commonwealth v. Schork,* 467 Pa. ——, 356 A.2d 355 (1976); *Commonwealth v. Miner,* 467 Pa. ——, 356 A.2d 346 (1976).

In light of our decision on this issue, we need not now consider the other questions raised on this appeal.

Reversed and remanded for a new trial.

JONES, C. J., and EAGEN and POMEROY, JJ., dissent.