381 A.2d 917

**COMMONWEALTH of Pennsylvania**

v.

**Joseph MOORE, Appellant.**

Superior Court of Pennsylvania.

Submitted March 14, 1977.

Decided Dec. 28, 1977.

Cercone, J., filed dissenting opinion.

Spaeth, J., filed dissenting opinion in which Hoffman, J., joined.

Daniel R. McGarry and Frederic G. Antoun, Jr., Assistant Public Defenders, Harrisburg, for appellant.

LeRoy S. Zimmerman, District Attorney, Harrisburg, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT, and SPAETH, JJ.

JACOBS, Judge:

This appeal arises from the lower court's refusal to permit appellant to withdraw his guilty plea. Appellant correctly states that he was not informed of his right to trial by jury and the presumption of innocence in his favor at the time he entered the plea. Admitting these facts, the Commonwealth nevertheless contends that the guilty plea colloquy was sufficient in light of the fact that appellant was apprised of these rights at formal arraignment. For the reasons that follow, we affirm the order of the lower court.

280

Appellant was arrested January 12, 1976, and charged with burglary[1] and resisting arrest.[2] On April 1, 1976, he was arraigned in open court and elected to plead not guilty to the charges. At the same time, appellant's counsel informed the court that appellant did not want a jury trial, whereupon the Deputy District Attorney and Judge LIPSITT informed appellant in question-and-answer fashion of his jury trial rights and the presumption of innocence in his favor.

On April 29, 1976, the date set for trial, appellant expressed his desire to plead guilty to both charges. A guilty plea colloquy conducted chiefly by the Deputy District Attorney ensued, and the court accepted the plea. Following testimony by the arresting officer and the victim of the burglary,[3] the court sentenced appellant to pay costs and restitution, and four to fifteen years imprisonment on the burglary, and costs and one to two years imprisonment for resisting arrest, with sentences to run consecutively.

Appellant thereupon took a *pro se* appeal to this Court, and was directed to file briefs. Pursuant to his petition to remand to Dauphin County Court, we remanded the case on August 5, 1976 to consider appellant's petition to withdraw his guilty plea *nunc pro tunc.* When the court below denied appellant permission to withdraw his guilty plea on October 12, 1976,[4] this appeal followed.

The Comments to Pa.R.Crim.P. 319 recommend that the judge who hears the plea ask questions covering six basic areas, which include the right to trial by jury and the presumption of innocence. In *Commonwealth v. Dilbeck,*

1. Act of December 6, 1972, P.L. 1482, No. 334, § 1, 18 Pa.C.S. § 3502 (1973).

2. Act of December 6, 1972, supra, 18 Pa.C.S. § 5104.

3. We regard the testimony taken after entry and acceptance of the plea as of no consequence to the validity of the plea. *See Commonwealth v. Kearse,* 233 Pa.Super. 489, 334 A.2d 720 (1975).

4. On this date, the court also dismissed appellant's PCHA petition filed August 26, 1976, as premature.

466 Pa. 543, 353 A.2d 824 (1976), our Supreme Court reviewed these six areas, and held that the above six questions are *mandatory* during a guilty plea colloquy, and " . . . [f]ailure to satisfy these minimal requirements will result in reversal." 466 Pa. at 547, 353 A.2d at 827. Under the facts of the present case, however, we are not persuaded that the court's failure to inform appellant during the colloquy of his specific right to a jury trial invalidates the plea. When appellant, represented by counsel, waived his right to jury trial at arraignment, 28 days prior to his guilty plea, that right and its attendant safeguards were explained to him in detail.

"THE COURT: All right. Well, we better notify him of his rights then.

"Q. Mr. Moore, you know that you have a right to a trial by jury, and it's an absolute right?

"A. Yes.

"Q. A jury is chosen from members of the community, and in this situation they would be chosen from the County of Dauphin and chosen at random, do you understand that?"

"A. Yes.

"Q. Do you know that a jury trial verdict must be unanimous, all of the members of the jury must agree to a verdict of guilty before you could be held guilty?

"A. Yes.

"Q. If they are not unanimous why, then, of course, there is a hung jury, and the jury cannot find you guilty, you are not fundamentally guilty.

"A. Yes.

BY THE COURT:

"Q. Do you know that you would be allowed to participate in the selection of the jury, along with your counsel, and the people selected finally for the jury would be subject to your review as well as that of your counsel, do you understand that?

"A. Yes, sir.

"Q. Do you also understand that there is a presumption of innocence in your favor, and the District Attorney must prove you are guilty beyond a reasonable doubt?

"A. Yes, sir.

"Q. Of course, you have the same rights before a judge as you would have if you picked a jury. Do you have complete knowledge of this situation, and are you still willing to waive a jury and permit a judge to sit as a jury and determine the facts in the case?

"A. Yes, sir.

"THE COURT: All right." N.T. Arraignment pp. 2–3.

Furthermore, the court made reference to this waiver during the guilty plea colloquy when the following exchange occurred:

"THE COURT: Did you mention in the selection of the jury that he would have the right to assist?

"MR. WEINGARTEN: At arraignment he waived his right to jury.

"THE COURT: He waived at arraignment? That's sufficient then. All right." N.T. Guilty Plea p. 5.

It is therefore clear on these facts that appellant knowingly and intelligently waived his right to a jury trial on these charges, whether he subsequently decided to be tried before the court or enter a guilty plea. We know of no constitutional precept or legal precedent compelling the court below to inform a defendant of a right he has voluntarily relinquished, and therefore will not invalidate the plea on these grounds.

█ Appellant has however, additionally raised the claim that his plea is invalid because he was not informed of the presumption of innocence in his favor at the time of the colloquy. We also reject this contention Rule 319, the Comments thereto, and the applicable case law all focus upon the necessity that a defendant who pleads guilty does so voluntarily, with full understanding of the consequences. This standard was satisfied in the present case when appellant was informed of the presumption of innocence in his favor

at arraignment, and indicated his understanding of this right. Less than one month later appellant tendered his guilty plea, and nothing in the record indicates that the plea was involuntary. To the contrary, the transcript of the guilty plea clearly indicates appellant's full understanding of the consequences of his plea. On this state of facts, we decline to hold that the plea was involuntary merely because the court failed to repeat the fact that appellant was entitled to the benefit of the presumption of innocence.

Accordingly, the judgment of the lower court is affirmed.

CERCONE, J., files a dissenting opinion.

SPAETH, J., files a dissenting opinion, in which HOFFMAN, J., joins.

CERCONE, Judge, dissenting:

I agree with Judge Spaeth's dissenting opinion insofar as he would reverse and remand for a new trial because appellant was not informed at the guilty plea colloquy of his constitutional presumption of innocence. I disagree, however, that the court erred in its colloquy by failing to inform appellant of his right to a jury trial; appellant had no such right because he had waived it at the arraignment. On the other hand, appellant's presumption of innocence was not waived until he entered his plea of guilty. Hence, I agree with Judge Spaeth that appellant was not fully apprised of all the constitutional rights he was waiving by pleading guilty.

SPAETH, Judge, dissenting:

The majority recognizes, and the Commonwealth concedes, that the colloquy at the guilty plea hearing was defective. The majority holds, however, that this defectiveness may be cured by referring to the colloquy at the arraignment. I submit that it may not be.

Rule 319(a) provides:

A defendant may plead . . . guilty . . .. The judge . . . shall not accept [the plea] unless he

determines after inquiry of the defendant that the plea is voluntarily and understandingly made tendered [*sic;* no doubt either "made" or "tendered" intended]. Such inquiry shall be on the record. Pa.R.Crim.P. 319(a).

Thus, the rule imposes three requirements: First, the *judge to whom the plea is made* must determine whether the plea is voluntary and understanding. Second, the judge must make that determination *after inquiry of the defendant.* And third, that inquiry *shall be on the record.*

These requirements, moreover, must be read in the light of decisions of our Supreme Court defining what the judge's inquiry must *at a minimum* consist of. These decisions are cited in the comment to Rule 319(a), and hold that the judge's inquiry must include questions to determine whether the defendant understands that he has a right to trial by jury and that he is presumed innocent until he is found guilty.

Here, the guilty plea colloquy was before Judge DOWL-ING. *He* did not determine whether the plea was voluntary and understanding because neither he nor any one in his presence asked appellant any questions to determine whether appellant understood he had a right to trial by jury and was presumed innocent until he was found guilty. Regarding the presumption of innocence, there was no question asked appellant by any one. Regarding the right to trial by jury, only the following occurred:

MR. WEINGARTEN [Deputy District Attorney]: At arraignment you indicated a desire to waive your right to a jury trial and proceed with a waiver trial. Now, we understand from your counsel that you wish to not proceed with the trial before the judge but to plead guilty. Is that correct?

THE DEFENDANT: Yes.

N.T. 4

Then, after a few more questions:

THE COURT: Did you mention in the selection of the jury that he would have the right to assist?

MR. WEINGARTEN: At arraignment he waived his right to jury.

THE COURT: He waived at arraignment? That's sufficient then. All right.

N.T. 5

The fact that Judge *LIPSITT* at *arraignment* had determined that appellant understood that he was presumed innocent and had a right to trial by jury is beside the point. Rule 319(a) requires that Judge *DOWLING* make that determination by questions appearing on the record of the *guilty plea hearing*. By circumventing this requirement the majority has ignored the manner in which the cases have developed.

It used to be that it was permissible to do what the majority has done, namely, look outside the record of the guilty plea hearing in order to determine whether the plea was voluntary and understanding. *Commonwealth ex rel. Barnosky v. Maroney,* 414 Pa. 161, 199 A.2d 424 (1964). In *Commonwealth ex rel. West v. Rundle,* 428 Pa. 102, 237 A.2d 196 (1968), counsel for the defendant urged the Supreme Court to re-examine such cases as *Barnosky,* and to adopt

a prophylactic rule that failure of the trial judge to conduct an on the record colloquy with the prisoner sufficient to demonstrate that the prisoner has entered his plea with the constitutionally required degree of voluntariness in and of itself must result in a holding that the plea does not meet constitutional requirements. 428 Pa. at 104–05, 237 A.2d at 197. (footnote omitted).

Although finding "much merit" in counsel's argument, the Court declined for the time being to accept it. *Id.*

The Court's adoption of the prophylactic rule that had been urged in *West* may be dated from *Commonwealth v. Belgrave,* 445 Pa. 311, 285 A.2d 448 (1971). There it appeared that the colloquy had been primarily conducted between the judge and each defendant's counsel, with very few questions directed to each defendant himself. Thus counsel would say that he had explained the charges to his client, the right to trial by jury, and so on, whereupon the

judge would ask the defendant whether he had understood his counsel's statement. On appeal the Supreme Court held this procedure insufficient to show that the plea had been voluntary and understanding:

> Without impugning the veracity or integrity of the defense attorneys, an attorney's discussion with his client, outside the court's presence, was never intended to provide the basis for an independent, *judicial* conclusion that the accused understands and admits the specific acts constituting the crime(s) charged. 445 Pa. at 317–18, 285 A.2d at 451 (emphasis in original).

Thus were established two of the three requirements embodied in Rule 319(a), and not met here: (1) that Judge DOWLING (not Judge LIPSITT) had to determine, (2) by questions to appellant (not to the Deputy District Attorney), that the plea was voluntary and understanding.

The third of the three requirements embodied in Rule 319(a) and not met here—that Judge DOWLING's determination had to be by an on-the-record-colloquy of a certain minimum content—was definitively stated in *Commonwealth v. Ingram,* 455 Pa. 198, 316 A.2d 77 (1974):

> [The] "preferred practice" (*which is now "mandatory practice" under Rule 319*) was that the trial court should "conduct an on-the-record examination of the defendant which should include, inter alia, an attempt to satisfy itself that the defendant understands the nature of the charges, his right to a jury trial, the acts sufficient to constitute the offenses for which he is charged and the permissible range of sentences." *Commonwealth ex rel. West v. Rundle,* 428 Pa. at 106, 237 A.2d at 198. *Id.* 455 Pa. at 201–02, 316 A.2d at 79 (emphasis added).

This said, the Court went on to state that "[a]dherence to [the guidelines set out in the Comments to Rule 319(a)] will serve to protect the rights of defendants while simultaneously facilitating appellate review." *Id.* 455 Pa. at 204–05, 316 A.2d at 81.

This latter statement might have been regarded as *dictum,* since *Ingram* turned on only one of the six questions

proposed by the Comments, namely, Does the defendant understand the nature of the charges to which he is pleading guilty? However, in *Commonwealth v. Dilbeck,* 466 Pa. 543, 353 A.2d 824 (1976), the Court left no doubt that *dictum* or not, its statement had to be obeyed. Thus the Court quoted its statement, in precisely the form in which I have just quoted it, and added: "Failure to satisfy these minimal requirements will result in reversal." *Id.* 466 Pa. at 547, 353 A.2d at 827. That was a command to us: " . . . will result in reversal *by the Superior Court.*" I suggest that the Majority has advanced no reason why we should not do what the Supreme Court has said it expects us to do.

The order of the lower court should be reversed.

HOFFMAN, J., joins in this opinion.