J-S36015-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MICHAEL WATKINS | |
| Appellant | No. 2681 EDA 2016 |

Appeal from the PCRA Order August 15, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0015551-2010

BEFORE: PANELLA, J., OLSON, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY PANELLA, J. **FILED AUGUST 25, 2017**

In 2012, Appellant Michael Watkins pled guilty to third-degree murder, robbery, and conspiracy arising from allegations that he had shot Cornell Fisher to death while trying to rob him. In this *pro se* appeal,[1] filed *nunc pro tunc*, Watkins challenges the dismissal of his timely, first petition pursuant to the Post Conviction Relief Act ("PCRA"). He argues that he was entitled to a hearing on his claims that, due to the actions of his attorney, he entered an involuntary and unknowing guilty plea. We conclude that the PCRA court did not err, and therefore affirm.

---

[1] The PCRA court appointed counsel to represent Watkins in connection with his PCRA petition. The PCRA court subsequently permitted counsel to withdraw pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

While Watkins's claims are of a relatively common variety, the path by which this appeal reached this Court is anything but common. As the PCRA court notes, the path is a tortuous one. A review of this path is necessary to understand our resolution of this case.

The PCRA court dismissed Watkins's first, timely PCRA petition by order entered August 15, 2014. Watkins filed an untimely notice of appeal, and we quashed his appeal.

Watkins subsequently filed a second PCRA petition asserting that his appellate rights had been denied, as he did not receive timely notice of the order dismissing his first petition. The PCRA court ultimately agreed with Watkins, and granted him the right to file an appeal *nunc pro tunc*.

Watkins filed a timely notice of appeal *nunc pro tunc*, but the notice was rejected by the lower court prothonotary as untimely and returned to Watkins unfiled.[2] Watkins subsequently filed a third PCRA petition, which did not address the Prothonotary's rejection of his appeal. The PCRA court dismissed this petition as untimely filed by order entered April 5, 2016.

Watkins filed a timely notice of appeal from the dismissal of his third PCRA petition. However, this notice was also rejected by the prothonotary,

---

[2] As the PCRA court recognized, the Prothonotary was not empowered to take this action. **See**, **e.g.**, **Commonwealth v. Willis**, 29 A.3d 393, 396 (Pa. Super. 2011).

as the prothonotary mistakenly believed that Watkins was attempting to re-file a previous appeal.

In response, Watkins filed a fourth PCRA petition, seeking reinstatement of his right to appeal from the dismissal of his first PCRA petition. Given the odd procedural history of the case, the PCRA court once again granted Watkins the right to appeal from the dismissal of his first PCRA petition. This timely, *nunc pro tunc* appeal followed.

Turning to the merits of the issues raised by Watkins on appeal, we note that our review of the PCRA court's dismissal of Watkins's first PCRA petition starts with whether the court's findings are supported by the record. ***See Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. Super. 2012). In doing so, we read the record in the light most favorable to the prevailing party. ***See id***. If this review reveals support for the PCRA court's credibility determinations and other findings, we may not disturb them. ***See Commonwealth v. Santiago***, 855 A.2d 682, 694 (Pa. 2004).

All of Watkins's issues presented on appeal allege that plea counsel provided ineffective assistance. "A criminal defendant has the right to effective counsel during a plea process…." ***Commonwealth v. Hickman***, 799 A. 2d 136, 141 (Pa. Super. 2002). A claim challenging the effectiveness of plea counsel is cognizable under the PCRA. ***See*** 42 Pa.C.S.A. § 9543(a)(2)(ii).

Counsel is presumed to be effective, and Watkins has the burden of proving otherwise. *See Commonwealth v. Pond*, 846 A.2d 699, 708 (Pa. Super. 2004).

> In order for [an a]ppellant to prevail on a claim of ineffective assistance of counsel, he must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. [An a]ppellant must demonstrate: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. The petitioner bears the burden of proving all three prongs of the test.

*Commonwealth v. Johnson*, 868 A.2d 1278, 1281 (Pa. Super. 2005) (citations omitted). Failure to satisfy any *one* prong of this test causes the *entire* claim to fail. *See Commonwealth v. Hull*, 982 A.2d 1020, 1023 (Pa. Super. 2009).

We review allegations of counsel's ineffectiveness in connection with a guilty plea as follows.

> The standard for post-sentence withdrawal of guilty pleas dovetails with the arguable merit/prejudice requirements for relief based on a claim of ineffective assistance of plea counsel under which the defendant must show that counsel's deficient stewardship resulted in a manifest injustice, for example, by facilitating entry of an unknowing, involuntary, or unintelligent plea.

*Commonwealth v. Morrison*, 878 A.2d 102, 105 (Pa. Super. 2005) (citations omitted). "This standard is equivalent to the 'manifest injustice' standard applicable to all post-sentence motions to withdraw a guilty plea."

- 4 -

*Id*. (citation omitted). "To succeed in showing prejudice, the defendant must show that it is reasonably probable that, but for counsel's errors, he would not have pleaded guilty and would have gone to trial." ***Commonwealth v. Hickman***, 799 A. 2d 136, 141 (Pa. Super. 2002).

In addition, with respect to guilty pleas,

[o]ur law presumes that a defendant who enters a guilty plea was aware of what he was doing. He bears the burden of proving otherwise.

\* \* \*

The long standing rule of Pennsylvania law is that a defendant may not challenge his guilty plea by asserting that he lied while under oath, even if he avers that counsel induced the lies. A person who elects to plead guilty is bound by the statements he makes in open court while under oath and may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy.

\* \* \*

[A] defendant who elects to plead guilty has a duty to answer questions truthfully. We [cannot] permit a defendant to postpone the final disposition of his case by lying to the court and later alleging that his lies were induced by the prompting of counsel.

***Commonwealth v. Pollard***, 832 A.2d 517, 523-24 (Pa. Super. 2003) (citations omitted).

Watkins first claims that his plea counsel coerced him into pleading guilty by telling him that he would receive a lifetime sentence if he did not. However, Watkins testified at his guilty plea that there were no "other promises, [or] threats that [] have not [been] disclosed [] on the record."

- 5 -

N.T., Guilty Plea Hearing, 4/3/12, at 33. He further testified that he was satisfied with his plea counsel. *See id*.

Watkins is bound by this testimony. *See Commonwealth v. Willis*, 68 A.3d 997, 1009 (Pa. Super. 2013); *Pollard*. He may not now argue that this testimony was false in attempting to establish that his plea was involuntary. He argues that he had raised this issue earlier in the plea hearing, and the record supports his assertion. However, this does not alter the fact that he subsequently stated that he had not been coerced or threatened in any way. Watkins's first issue on appeal merits no relief.

Watkins next asserts that plea counsel was ineffective in failing to object when the trial court failed to inform him of the elements of first- and second-degree murder during his guilty plea colloquy. Thus, Watkins's argument is premised upon the bizarre belief that the trial court was required to discuss the nature of charges that were not pending.

Watkins's argument is contrary to Pennsylvania law. The Rules of Criminal Procedure require the court to ascertain whether the defendant is aware of the nature of only the charges to which he is pleading guilty. *See* Pa.R.Crim.P. 590(c)(1). The case law cited by Watkins does not contradict this conclusion. *See Commonwealth v. Willis*, 369 A.2d 1189, 1190 (Pa. 1977) (reversing guilty plea because the trial court did not instruct the defendant on the presumption of innocence); *Commonwealth v. Dillbeck*,

353 A.2d 824 (Pa. 1976) (reversing guilty plea to murder, generally, because the trial court had failed to explain the concept of malice).

The trial court was not required to inform Watkins of the elements of first- and second-degree murder—he was not pleading guilty to those crimes. Nor, in distinction from *Dillbeck*, was he pleading guilty to murder generally. He pled guilty to third-degree murder, and this was the only crime that the trial court was required to ensure he understood. Watkins was not entitled to any information about first- and second-degree murder. His second argument on appeal merits no relief.

Next, he contends that plea counsel was ineffective in failing to inform him that his right to a speedy trial had been violated prior to the guilty plea. The PCRA court found that Watkins had not raised this issue in his first PCRA petition. We agree. It is therefore waived for purposes of appeal. *See Commonwealth v. Rigg*, 84 A.3d 1080, 1084 (Pa. Super. 2014) (finding claim not contained in PCRA petition waived for purposes of appeal).

Watkins attempts to avoid this result by seizing upon an error in the PCRA court's recitation of the procedural history of Watkins's attempts to appeal from the dismissal of his first petition. In laying out the tortuous procedural history of this case, the PCRA court mistakenly describes Watkins's third PCRA as "simply reasserting the same claims from" his first petition. Through this statement, Watkins attempts to bootstrap language from his third petition onto his first petition.

This attempt is unavailing. A comparison of Watkins's first and third petitions reveals that the PCRA court's description is erroneous. Watkins clearly raised new issues in his third petition, including his argument that his rights to a speedy trial had been violated. Even a generous reading of his first petition does not suggest that he was raising a claim that his speedy trial rights had been violated.

The PCRA court's mistaken description of Watkins's third PCRA petition,[3] in its attempt to detail the procedural history of this appeal, does not change the actual contents of Watkins's first PCRA petition. That first petition does not contain any reference to the claim now made by Watkins on appeal. We therefore agree with the PCRA court that Watkins's third issue on appeal, regarding his speedy trial rights, is therefore waived.

Next, Watkins claims that plea counsel was ineffective when he "failed to investigate forensic samples/evidence collected from the crime scene[.]" He once again attempts to avoid waiver of this issue by claiming that its presence in his third petition automatically transported it to his first petition due to the PCRA court's erroneous description of the two petitions as identical. As we observed above, this attempt to avoid waiver is unsuccessful.

_____

[3] Watkins's third PCRA petition was a separate action that was independent of his first petition. Its dismissal is not before us.

A review of Watkins's first petition reveals no language that even arguably raises this issue. We find this claim waived, and Watkins is due no relief on his fourth issue on appeal.

Watkins concedes that his final claim, that the trial court was required to inform him that he had a right to have a jury decide his degree of guilt if he pled guilty to general murder, is meritless. **See** Appellant's Brief, at 37. We therefore need not reach this issue.

As none of Watkins's issues on appeal merit relief, we affirm the order dismissing his first PCRA petition without a hearing.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/25/2017