J-S08003-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RICKY L. MILLER, JR. | |
| Appellant | No. 907 MDA 2020 |

Appeal from the PCRA Order entered June 12, 2020
In the Court of Common Pleas of Cumberland County
Criminal Division at No: CP-21-CR-0002605-2009

BEFORE:  STABILE, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STABILE, J.:                    **FILED MAY 26, 2021**

Appellant, Ricky L. Miller, Jr., appeals from the June 12, 2020 order entered in the Court of Common Pleas of Cumberland County, denying his petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  Appellant raises issues relating to his guilty plea colloquy and Pa.R.Crim.P. 590(C), and claims ineffectiveness of plea counsel with respect to the colloquy, the failure to present expert testimony regarding his mental state, and the failure to seek the return of property.  Upon review, we affirm.

In its Rule 1925(a) opinion, the PCRA court explained:

At times, the post-conviction relief process can cause us to lose sight of the events that brought us here.  Let us not forget that

---

[*] Former Justice specially assigned to the Superior Court.

on July 26, 2009, Ricky L. Miller, Jr. stuck his Glock pistol through his wife's driver's side window, past her face, and fired one round into the head of her boyfriend, Kenneth Geiger. Initially, the Commonwealth pursued this killing as a capital offense, but after three years of maneuvering, the parties agreed that Miller would enter a plea of guilty to "murder generally" and proceed to a degree-of-guilt hearing before a judge.[1] This plea removed the possibility of a sentence of death and left the court with three options: the defendant would be found guilty of murder in the first degree, murder in the third degree, or voluntary manslaughter. After a three-day hearing in August 2012, the undersigned found Miller guilty of first degree murder.

PCRA Court Opinion, 6/12/20, at 1.

At the conclusion of Appellant's August 2012 degree of guilt hearing, the court imposed a sentence of life in prison without possibility of parole. N.T., Degree of Guilt Hearing, 8/3/12, at 663-64. Appellant did not file post-sentence motions but did file a timely direct appeal. This Court affirmed his judgment of sentence on February 19, 2014 (No. 1571 MDA 2012), and our Supreme Court denied his petition for allowance of appeal on September 19,

---

[1] Appellant entered his guilty plea during a July 19, 2012 hearing, as reflected in the following exchange.

THE COURT: [I]t's my understanding, as stated by counsel, that you intend to enter a plea of guilty to murder generally. This means that you will admit that you committed the act that caused the death of Kenneth Geiger on July 26, 2009, and the act was some form of criminal homicide. **I will then hold a hearing and determine what degree of murder or manslaughter you have committed. Is that what you wish to do?**

APPELLANT: **Yes, Your Honor.**

N.T., Guilty Plea Hearing, 7/19/12, at 6 (emphasis added).

2014 (No. 181 MAL 2014). Appellant filed a timely PCRA petition on September 17, 2015. As the PCRA court aptly noted, "Following appointment of counsel, this matter proceeded sluggishly." PCRA Court Opinion, 6/12/20, at 5.

The PCRA court dismissed Appellant's petition on June 12, 2020. Appellant filed this timely appeal. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925. As the PCRA court observed,

> Miller now contends that his plea of guilty to "murder generally" was unknowing and defective. At the heart of the dispute are the nature and ramifications of the parties' agreement to proceed with a hearing before a judge as opposed to a jury trial. The events that led to the killing have been fully recounted in previous opinions.[fn]
>
> > [fn] In Re: Opinion Pursuant to Pennsylvania Rule of Appellate Procedure 1925, February 12, 2013, at 2-9. **See also, Com**[.] **v. Ricky L. Miller, Jr.,** No. 1571 MDA 2012 (Pa. Super.), at 2-6.

PCRA Court Opinion, 6/12/20, at 1-2.

Appellant presents five issues for our consideration:

I. Is a defendant entitled to post-conviction relief when the colloquy that preceded his plea to murder generally did not adhere to the requirements of Pennsylvania Rule of Criminal Procedure 590(C)?

II. Was trial counsel ineffective for failing to properly advise [Appellant] about the possibility of having a jury determine the degree of guilt and for failing to object to the deficient colloquy?

III. Does Pennsylvania Rule of Criminal Procedure 590(C) violate Pennsylvania and federal constitutional protections that protect a defendant's right to have a jury determine any element of an offense which triggers a mandatory minimum sentence?

IV.   Is [Appellant] entitled to post-conviction relief on the basis that trial counsel was ineffective for failing to have [Appellant] evaluated by an expert witness concerning his mental state as it related to the element of a sudden and intense passion?

V.   Did trial counsel's failure to seek or to properly advise [Appellant] about the return of [Appellant's] property constitute ineffective assistance of counsel?

Appellant's Brief at 4-5.

As this Court reiterated in **Commonwealth v. Beatty**, 207 A.3d 957 (Pa. Super. 2019), "Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error." **Id.** at 960-61 (citing **Commonwealth v. Conway**, 14 A.3d 101 (Pa. Super. 2011), *appeal denied*, 29 A.3d 795 (Pa. 2011)). "The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions." **Commonwealth v. Sandusky**, 203 A.3d 1033, 1043 (Pa. Super. 2019) (quotation marks and citations omitted), *appeal denied*, 216 A.3d 1029 (Pa. 2019)). "This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings." **Beatty**, 207 A.3d at 961 (citing **Commonwealth v. Boyd**, 923 A.2d 513 (Pa. Super. 2007), *appeal denied*, 932 A.2d 74 (Pa. 2007)).

When analyzing claims of ineffectiveness under the PCRA,

we begin with the presumption counsel is effective. ***Commonwealth v. Robinson***, 623 Pa. 345, 82 A.3d 998, 1005 (2013). To prevail on an ineffectiveness claim, appellant must satisfy, by a preponderance of the evidence, the performance and prejudice standard set forth in ***Strickland v. Washington***, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In Pennsylvania, we have applied ***Strickland*** by looking to three elements an appellant must establish: (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) appellant suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability that the result of the proceeding would have been different. ***See Commonwealth v. Pierce***, 515 Pa. 153, 527 A.2d 973, 975 (1987).

***Commonwealth v. Hannibal***, 156 A.3d 197, 206-07 (Pa. 2016). "A court is not required to analyze the elements of an ineffectiveness claim in any particular order of priority; if a claim fails under any necessary element of the ***Strickland*** test, the court may proceed to that element first." ***Id.*** at 207 (citations omitted). The failure to satisfy any prong of the ineffectiveness test defeats the claim. ***Commonwealth v. Chmiel***, 30 A.3d 1111, 1128 (Pa. 2011) (citations omitted).

When a guilty plea has been entered,

all grounds of appeal are waived other than challenges to the voluntariness of the plea and the jurisdiction of the sentencing court. Thus allegations of ineffective assistance of counsel in connection with entry of the guilty plea will serve as a basis for relief only if the ineffectiveness caused appellant to enter an involuntary or unknowing plea.

***Commonwealth v. Williams***, 437 A.2d 1144, 1146 (Pa. 1981) (internal citations omitted). ***See also Commonwealth v. Hickman***, 799 A.2d 136,

141 (Pa. Super. 2002) (defendant must demonstrate that counsel's ineffectiveness caused defendant to enter an involuntary or unknowing plea).

Appellant's first three issues involve Pa.R.Crim.P. 590(C) and are interrelated. Therefore, we shall consider them together. Stated in summary form:

> On his Rule 590(c) claim, [Appellant] alleges the court's colloquy was deficient because it deviated from Rule 590(c) and did not inform him it was possible to have a jury determine his degree of guilt. Counsel did not object to the colloquy and had not advised him a jury could determine the degree of guilt. He challenges the constitutionality of rule 590(c) as it denies a defendant's right to have a jury determine an element that triggers a mandatory minimum life sentence.

Appellant's Brief, Summary of Argument, at 15.[2]

Rule of Criminal Procedure 590 (**Pleas and Plea Agreements**) provides, in relevant part:

> **(C) Murder Cases.** In cases in which the imposition of a sentence of death is not authorized, when a defendant enters a plea of guilty [] to a charge of murder generally, the degree of guilt shall be determined by a jury unless the attorney for the Commonwealth elects to have the judge, before whom the plea was entered, alone determine the degree of guilt.

_____

[2] At his PCRA hearing, Appellant suggested that a colloquy in complete compliance with Rule 590(C) would have educated him "that I could have requested a jury at least. Whether it would have been granted, I don't know." N.T., PCRA Hearing, 10/25/17, at 17. He explained that he was not seeking to withdraw his plea, but rather was asking for a new degree of guilt hearing in front of a jury. **Id.** at 18. However, Appellant has no right to demand a degree of guilt hearing before a jury, having waived his right to a jury by virtue of his guilty plea. **Commonwealth v. White**, 910 A.2d 648, 662 (Pa. 2006).

Pa.R.Crim.P. 590(C). The portion of the Comment to Rule 590 relevant to our analysis recognizes:

It is difficult to formulate a comprehensive list of questions a judge must ask of a defendant in determining whether the judge should accept the plea of guilty[.] Court decisions may add areas to be encompassed in determining whether the defendant understands the full impact and consequences of the plea, but is nevertheless willing to enter that plea. At a minimum the judge **should** ask questions to elicit the following information:

(1) Does the defendant understand the nature of the charges to which he or she is pleading guilty or *nolo contendere*?
(2) Is there a factual basis for the plea?
(3) Does the defendant understand that he or she has the right to trial by jury?
(4) Does the defendant understand that he or she is presumed innocent until found guilty?
(5) Is the defendant aware of the permissible range of sentences and/or fines for the offenses charged?
(6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?
**(7) Does the defendant understand that the Commonwealth has a right to have a jury decide the degree of guilt if the defendant pleads guilty to murder generally?**

The Court in **Commonwealth v. Willis**, 369 A.2d 1189 (Pa. 1977), and **Commonwealth v. Dilbeck**, 353 A.2d 824 (Pa. 1976), mandated that, during a guilty plea colloquy, judges must elicit the information set forth in paragraphs (1) through (6) above. In 2008, the Court added paragraph (7) to the list of areas of inquiry.

Many, though not all, of the areas to be covered by such questions are set forth in a footnote to the Court's opinion in **Commonwealth v. Martin**, 282 A.2d 241, 244-245 (Pa. 1971), in which the colloquy conducted by the trial judge is cited with approval. **See also Commonwealth v. Minor**, 356 A.2d 346 (Pa. 1976), and **Commonwealth v. Ingram**, 316 A.2d 77 (Pa. 1974).

Pa.R.Crim.P. 590, *Comment* (emphasis added).

In **Commonwealth v. Yeomans**, 24 A.3d 1044 (Pa. Super. 2011), this Court reiterated that "[t]he entry of a guilty plea is a protracted and comprehensive proceeding wherein the court is obliged to make a specific determination after extensive colloquy on the record that a plea is voluntarily and understandingly tendered." **Id.** at 1046 (quoting **Commonwealth v. Fluharty**, 632 A.2d 312, 314 (Pa. Super. 1993) (citation omitted)). This Court explained that the guilty plea is to be offered in open court and that "[a]s noted in the Comment to Rule 590, at a minimum the trial court should ask questions to elicit [responses to the questions listed in the Comment]." **Id.** at 1046-47. The **Yeomans** Court noted:

> In order for a guilty plea to be constitutionally valid, the guilty plea colloquy must affirmatively show that the defendant understood what the plea connoted and its consequences. This determination is to be made by examining the totality of the circumstances surrounding the entry of the plea. **Thus, even though there is an omission or defect in the guilty plea colloquy, a plea of guilty will not be deemed invalid if the circumstances surrounding the entry of the plea disclose that the defendant had a full understanding of the nature and consequences of his plea and that he knowingly and voluntarily decided to enter the plea.**

**Id.** at 1047 (emphasis added) (quoting **Fluharty**, 632 A.2d at 314–15). Previously, in a case decided before the seventh area of inquiry—*i.e.*, the one at issue here—was added to the Comment to Rule 590, our Supreme Court acknowledged:

> [W]hile the Court has admonished that a complete failure to inquire into any one of the six, mandatory subjects generally requires reversal, . . . it has in more recent cases moved to a more

general assessment of the knowing, voluntary, and intelligent character of the plea, considered on the totality of the circumstances.

***Commonwealth v. Flanagan***, 854 A.2d 489, 500 (Pa. 2004) (citations omitted). ***See also Commonwealth v. Kelley***, 136 A.3d 1007, 1013 (Pa. Super. 2016) ("This Court will evaluate the adequacy of the plea colloquy and the voluntariness of the resulting plea by examining the totality of the circumstances surrounding the entry of that plea.").[3]

After considering Appellant's contention that he did not enter his plea knowingly, the PCRA court rejected that assertion, explaining:

> A defect in pre-plea disclosures to a defendant does not void a plea of guilty unless the defect was material to the defendant's decision to enter the plea. We do not find credible [Appellant's] recent, rather too convenient claim that he wanted a jury to sit as trier-of-fact in his degree hearing, given the evidence in the record to the contrary. Far more credible is the testimony of [Appellant's] trial counsel, Heidi F. Eakin, Esquire[4]:

---

[3] While Appellant's failure to challenge the adequacy of the colloquy at the time of the guilty plea, in a post-sentence motion, or on direct appeal might support a finding of waiver under 42 Pa.C.S.A. § 9544(b)—as the Commonwealth suggests—we elect to examine the issue in light of the interrelationship between Appellant's claims of a defective colloquy and ineffectiveness of counsel with respect to the colloquy.

[4] Attorney Eakin represented Appellant on a *pro bono* basis. She requested, and was granted, a special appointment to the Office of the Public Defender so that she could provide *pro bono* representation while having certain expenses, such as costs of expert services and services of an investigator, paid through that office. The appointment also enabled her to utilize the services of First Public Defender Linda Hollinger as second chair. N.T., PCRA Hearing, 10/25/17, at 41-42. Attorney Eakin represented Appellant through sentencing only. The Public Defender's Office represented Appellant on direct appeal.

> Ricky had repeatedly expressed concerns about jury trials. . . . [T]he discussions about [a] jury trial, and who was going to be in the courtroom, and his anxiety, was paramount on his mind at times. And understand, I saw him over three years. I was probably at this prison at least once a month. And, I mean, when his behavior became erratic, and he got upset, it was clear. And that was one of those things that I don't think I would even have said anything to him, because it would have been, it was get rid of that jury. . . . I can't say that had I said well you can have a jury if you want, he would have said yes. I don't believe that for a minute.

PCRA Court Opinion, 6/12/20, at 9 (quoting N.T., PCRA Hearing, 10/25/17, at 45-46) (footnotes omitted).

> As the PCRA court observed,
>
> Miller argues that his ignorance of the Commonwealth's right to pursue a jury trial was in and of itself a defect. This is logically meritless because he had no desire for a jury trial and would not have made such a request in any event. Nevertheless, under the assumption that, improbably, Miller truly did desire a jury hearing, the alleged defect was still immaterial. Quite simply, as the Commonwealth contends, and nothing in the record contradicts, the Commonwealth would have refused any request for a jury hearing, leaving Miller with exactly the same choices that he actually had (i.e. risk the death penalty in a jury trial or plead guilty to murder generally and have a judge sit as the trier-of-fact in his degree hearing). Given those alternatives, Miller would have made exactly the same choice that he actually made. Hence, any defect in the colloquy was immaterial to Miller's decision to enter his plea of guilty to murder generally, and thus does not constitute grounds for withdrawal of the plea.

*Id.* at 10. We agree with the PCRA court's analysis. Simply stated, once Appellant entered a guilty plea, he waived his right to a jury trial. *Commonwealth v. White*, 910 A.2d 648, 662 (Pa. 2006) (citations omitted).

Clearly, under Rule 590(C), the Commonwealth could have requested a jury trial, but Appellant had no right to demand one.

While the colloquy may have fallen short of strict compliance with Rule 590(C), we find any defect immaterial under the totality of the circumstances of this case. Moreover, Appellant has failed to demonstrate that he suffered any prejudice from plea counsel's failure to object to the colloquy or her failure to advise Appellant on the record that, while **he** waived the right to a jury trial by virtue of his plea to murder generally, **the Commonwealth** retained the right to a jury trial for the degree of guilt hearing—a right not exercised in this case. As the PCRA court observed, if Appellant wanted a jury trial, he could have had one. Yet, he waived that right when he entered a plea of guilty to murder generally, thereby foreclosing the possibility of receiving a death penalty sentence. Again, as noted above, Appellant testified that he was not seeking to withdraw his plea. *See* n. 2, *supra* (quoting N.T., PCRA Hearing, 10/25/17, at 18). Rather, he was seeking a new degree of guilt hearing before a jury, despite having waived the right to a jury by virtue of his plea.

As the Commonwealth argues:

Even if the plea colloquy read by the Court was defective and that defect was material, a defective plea colloquy, in and of itself, does not mean trial counsel was ineffective. In ***Commonwealth v. Spotz***, the Pennsylvania Supreme Court dealt with a similar issue regarding the waiver of important constitutional rights, and stated:

The petitioner cannot prevail merely by establishing that the waiver colloquy was indeed defective in some way. Rather, the petitioner must prove that because of counsel's

- 11 -

ineffectiveness, he waived the constitutional right at issue unknowingly or involuntarily, and that he was prejudiced. To establish prejudice, the petitioner must demonstrate a reasonable probability that but for counsel's ineffectiveness, he would not have waived the right at issue. In considering such a claim of ineffectiveness, the court considers the totality of the circumstances and the entire record, not just the colloquy itself.

Commonwealth Brief at 20-21 (quoting **Spotz**, 18 A.3d 244, 263-64 (Pa. 2011).

As reflected above, the PCRA court did not find credible Appellant's "recent, rather too convenient claim that he wanted a jury to sit as trier-of-fact in his degree hearing[.]" PCRA Court Opinion, 6/12/20, at 9. Again, "credibility determinations, when supported by the record, are binding on this Court[.]" **Sandusky**, 203 A.3d at 1043. We find that the court's credibility determination in this regard is supported by the record and, therefore, we are bound by it. Further, as Attorney Eakin explained, the Commonwealth never offered to conduct the degree of guilt hearing before a jury and the only agreement proffered by the Commonwealth was to withdraw the possibility of the death penalty if Appellant entered a plea to murder generally. N.T., PCRA Hearing, 10/25/17, at 62-63.

Because any defect in the colloquy was immaterial, and because Appellant cannot satisfy the prejudice prong of the ineffectiveness test, Appellant cannot prevail on his claim the colloquy was defective or that plea counsel was ineffective for failing to object to the colloquy.

As to Appellant's assertion that Rule 590(C) is unconstitutional, we agree with the Commonwealth that this claim could have been raised at the time of his plea, in post-sentence motions, or on direct appeal. Because Appellant did not do so, the issue is waived under 42 Pa.C.S.A. § 9545(a)(3).

Whether for lack of merit or by virtue of waiver, Appellant is not entitled to any relief on his issues involving the colloquy and Pa.R.Crim.P. 590(C). Appellant's first three issues fail.

In his fourth issue, Appellant contends counsel was ineffective for failing to present expert testimony regarding Appellant's mental state at his degree of guilt hearing. Appellant suggests that his "mental state was known to counsel" and that such expert testimony would have established his "proclivity to a sudden and intense provocation." Appellant's Brief at 15.

The record reflects that counsel did retain the services of John Hume, M.D., who prepared two reports for purposes of supporting a theory of provocation and/or imperfect self-defense. As the PCRA court stated, "The record suggests that Dr. Hume's reports contained information which might have been of some value in supporting one or both of those theories, but also [contained] highly inflammatory statements on the part of [Appellant] which would have tended to undermine the same." PCRA Court Opinion, 6/12/20, at 14. The court concluded that counsel's decision not to present Dr. Hume's testimony—which would have required that his reports be turned over to the Commonwealth—was a reasonable, strategic decision guided by the fact

"counsel made a valiant and concerted effort to paint her client as the true victim, the wronged spouse[.]" *Id.* Inconsistent with that picture were some statements Appellant made to Dr. Hume that were, according to counsel, "pretty not good" for Appellant who "was blasting the victim, blasting his wife[.]" *Id.* (quoting N.T., PCRA Hearing, 10/25/17, at 56-57).

The court concluded:

> At best, Dr. Hume's evaluation would have been cumulative of other lay testimony presented of [Appellant's] generally agitated state of mind in the days preceding the murder. "Expert" testimony on this matter was unnecessary and offering such evidence would not have changed the outcome for [Appellant]. At worst, Dr. Hume's testimony and reports would have been damning[.]

*Id.* We agree with the court's assessment. As our Supreme Court has acknowledged, "[g]enerally, where matters of strategy and tactics are concerned, counsel's assistance is deemed constitutionally effective if he chose a particular course that had some reasonable basis designed to effectuate his client's interests." *Commonwealth v. Koehler*, 36 A.3d 121, 132 (Pa. 2012) (quoting *Commonwealth v. Colavita*, 993 A.2d 874, 887 (Pa. 2010) (additional citation omitted)). Because counsel had a reasonable basis designed to effectuate Appellant's interests, Appellant's claim of ineffectiveness with respect to expert testimony fails.

In his final claim, Appellant argues that trial counsel's failure to seek or properly advise Appellant about the return of his property constitutes ineffectiveness. At issue in this regard is $4,725 found on Appellant's person,

in his wallet, and in his briefcase, which was seized following his arrest. As our Supreme Court recognized in **Commonwealth v. Descardes**, 136 A.3d 493 (Pa. 2016):

> A claim is cognizable under the PCRA if the petitioner pleads and proves by a preponderance of the evidence that: (1) he has been convicted of a crime under the laws of this Commonwealth; (2) he is serving a sentence of imprisonment, probation, or parole for the crime; and **(3) his conviction resulted from one of seven enumerated errors set forth in 42 Pa.C.S. § 9543(a)(2)[.]**

**Id.** at 499 (emphasis added). For a claim under Section 9543(a)(2)(ii), Appellant was required to plead and prove that his **conviction or sentence** resulted from "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place[.]" 42 Pa.C.S.A. § 9543(a)(2)(ii). As applied here, Appellant would have to demonstrate that his **conviction or sentence** resulted from counsel's ineffectiveness in failing to move for return of his money.

As the PCRA court observed, while the money was likely "getaway" cash, "this matter is entirely unrelated to [Appellant's] criminal conviction. A finding of ineffectiveness of counsel in this respect would have no effect on that conviction and is not litigable in this PCRA proceeding." PCRA Court Opinion, 6/12/20, at 15. We agree. Simply stated, his conviction and/or sentence was not the result of any failure of counsel to seek return of the property and, therefore, his claim is not cognizable under Section 9543(a)(2)(ii).

Based on our examination of the evidence of record, we conclude that the evidence supports the PCRA court's determinations. Further, we find the court's decision to be free of legal error. Therefore, we shall not disturb the PCRA court's order dismissing Appellant's PCRA petition.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/26/2021