384 A.2d 1206

**Joseph MOORE, Appellant,**

**v.**

**COMMONWEALTH of Pennsylvania.**

Supreme Court of Pennsylvania.

Petition for Allowance of Appeal Jan. 26, 1978.

Petition for Allowance of Appeal Granted March 29, 1978.

Decided March 29, 1978.

Marilyn C. Zilli, Asst. Public Defender, for appellant.

Marion E. MacIntyre, Second Asst. Dist. Atty., for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and LARSEN, JJ.

514

PER CURIAM:

Petition for allocatur granted,[1] judgment of the Superior Court reversed and case remanded to the Court of Common Pleas of Dauphin County for trial.

Appellant was arrested January 12, 1976, and charged with burglary and resisting arrest. On April 29, 1976, the date set for trial, appellant expressed his desire to plead guilty to both charges. Following an on-the-record colloquy, the court accepted the pleas, directed appellant to pay costs and restitution and imposed a sentence of four to fifteen years imprisonment on the burglary charge and a consecutive sentence of one to two years imprisonment for resisting arrest. Appellant thereupon took a pro se appeal to the Superior Court. Pursuant to appellant's petition to remand to the trial court, the Superior Court remanded the case on August 5, 1976, for consideration of appellant's petition to withdraw his guilty pleas as if timely filed. The trial court denied appellant permission to withdraw his guilty pleas and the Superior Court affirmed. Appellant then sought allowance of appeal.

It is undisputed that appellant was not informed at the guilty plea colloquy of the constitutional presumption of innocence. This omission was clearly contrary to Pa.R. Crim.P. 319 and the Comment thereto[2] and the cases of this

1. We hear this appeal pursuant to the Appellate Court Jurisdiction Act, Act of July 31, 1970, P.L. 673, art. II, § 204, 17 P.S. § 211.204 (Supp.1977).

2. Rule 319(a) provides:
   "A defendant may plead . . . guilty . . .. The judge . . . shall not accept it unless he determines after inquiry of the defendant that the plea is voluntarily and understandingly tendered. Such inquiry shall appear on the record."
   The Comment to Rule 319(a) recommends "that at a minimum the judge ask questions to elicit the following information:
   (1) Does the defendant understand the nature of the charges to which he is pleading guilty?
   (2) Is there a factual basis for the plea?
   (3) *Does the defendant understand that he has the right to trial by jury*?

Court holding that the requirements of the rule are mandatory in all cases and that "(f)ailure to satisfy these minimal requirements will result in reversal." *Commonwealth v. Dilbeck*, 466 Pa. 543, 547, 353 A.2d 824, 827 (1976). In *Commonwealth v. Willis*, 471 Pa. 50, 369 A.2d 1189 (1977), Mr. Justice O'Brien, writing for a unanimous Court, relied upon *Dilbeck* in reversing the appellant's judgment of sentence and remanding for trial where the trial court failed to inform appellant during the on-the-record guilty plea colloquy of the presumption of innocence.[3]

The Commonwealth asserts that this defect may be cured by referring to the colloquy at appellant's arraignment, where the presumption of innocence was mentioned. This contention must be rejected. In *Commonwealth v. Tabb*, 477 Pa. 115, 383 A.2d 849 (1978) and *Commonwealth v. Kulp*, 476 Pa. 358, 382 A.2d 1209 (1978), this Court rejected similar contentions that the trial court could look outside the record of the guilty plea hearing and held that there must be an adequate on-the-record guilty plea colloquy establishing a knowing and intelligent waiver. It is an obvious and necessary corollary to this rule that the colloquy occur at the time the waiver is made. To hold otherwise would not fulfill the purpose of Rule 319 of assuring that the defendant knows

(4) *Does the defendant understand that he is presumed innocent until he is found guilty?*
(5) Is the defendant aware of the permissible range of sentences and/or fines for the offenses charged?
(6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?"

**3.** See *United States v. Adams*, 566 F.2d 962 (5th Cir. 1978) where Judge Wisdom, writing for the court, held that district courts must comply strictly with F.R.Crim.P. 11's detailed procedures for accepting guilty pleas, which include the requirement that trial judges accepting guilty pleas must address the defendant personally in open court, inform him of certain constitutional rights, certain consequences of his plea, and the nature of the charge to which he is pleading and determine that the defendant understands what he is told. The court stated that the view that substantial compliance satisfies Rule 11 (federal equivalent of Pa.R.Crim.P. 319) was rejected by the United States Supreme Court in *McCarthy v. United States*, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969).

the elements of his right to stand trial and the consequences of waiving these rights at the time at which he waives them.

■ Appellant's presumption of innocence could not be waived until he entered a valid guilty plea. See *Johnson v. Zerbst,* 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938) (courts must indulge every reasonable presumption against waiver of constitutional rights and cannot presume acquiescence in the loss of fundamental rights) and *Commonwealth v. Hughes,* 477 Pa. 180, 383 A.2d 882 (1978) (the burden of proving by a preponderance of the evidence that a waiver of a constitutional right was knowing, voluntary and intelligent rests upon the Commonwealth). It was, therefore, the duty of the trial court to determine during the guilty plea colloquy that this waiver was knowing and voluntary. Since the court did not make this determination appellant must be allowed to withdraw his guilty plea.[4]

Judgment of sentence reversed and case remanded for a new trial.

EAGEN, C. J., dissents.

---

4. In light of our decision on this issue, we need not consider the other questions raised on this appeal.