J-A22043-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| TALAYIA COBB | : | |
| | : | |
| Appellant | : | No. 68 WDA 2023 |

Appeal from the Judgment of Sentence Entered November 14, 2022
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0004139-2021

BEFORE: BOWES, J., OLSON, J., and KING, J.

MEMORANDUM BY KING, J.:          **FILED: November 28, 2023**

Appellant, Talayia Cobb, appeals from the judgment of sentence entered in the Allegheny County Court of Common Pleas, following her negotiated guilty plea to reckless driving.[1] We affirm.

The relevant facts and procedural history of this case are as follows. On November 4, 2020, the police filed a criminal complaint against Appellant for fleeing or attempting to elude a police officer, operating a vehicle without required financial responsibility, reckless driving, driving an unregistered vehicle, use of improper class of license, and failure to stop at a red signal.[2] Appellant entered a negotiated guilty plea on November 14, 2022, to reckless

_____

[1] 75 Pa.C.S.A. § 3736.

[2] On July 26, 2021, the Commonwealth filed a formal information charging Appellant with these offenses.

driving. In exchange for her plea, the parties agreed the Commonwealth would withdraw the remaining charges, and the court would sentence Appellant to a $200.00 fine. At the plea hearing, the parties stipulated to the following facts set forth in the affidavit of probable cause:

> On 11/3/2020[,] I, Detective Anderson, [along with] Detective Seretti and Agent Smith of the Attorney General's Office were working in a plain clothes capacity operating an unmarked vehicle equipped with lights and sirens. At approximately 2100 hrs. while on Herron Ave near the intersection of Centre Ave we observed a group 5 to 7 of dirt bikes and quads riding on Her[r]on Ave towards Centre Ave. Over the past several months there have been numerous complaints of dirt bikes and quads riding recklessly throughout the city. Furthermore[,] Officers have attempted to conduct traffic stops on these dirt bikes and they have failed to stop and fled. We turned around and activated our lights and sirens. None of the dirt bikes had visible registration plates and they all began to flee inbound of Centre Ave. After a few seconds we deactivated our lights and sirens and due to the PBP pursuit policy.
>
> As we continued driving on Centre Ave. we observed a group of dirt bikes and quads over take several vehicles and drive through a steady red light at the intersection of Centre Ave and Reed St and turned left onto Reed St. As the dirt bikes and quads continued we could observe one of the dirt bikes to be slowing down as if it were running out of fuel. The dirt bike, which did not have a valid registration plate, turned left onto Kirkpatrick St. and drifted down the road and turned right onto Bentley Dr. We then re-activated our lights and sirens and made contact with the driver, [Appellant]. We asked [Appellant] for her license, registration and insurance. She stated she did not have a motorcycle license, registration, or insurance.

(Affidavit of Probable Cause, filed 11/4/20, at 2).

After conducting an oral guilty plea colloquy, the court accepted Appellant's plea as knowing, intelligent, and voluntary. The court sentenced

- 2 -

Appellant that day in accordance with the plea agreement, to pay a fine of $200.00. Appellant timely filed a post-sentence motion seeking to withdraw her plea on November 23, 2022. The court denied the post-sentence motion on December 8, 2022. On Monday, January 9, 2023, Appellant timely filed a notice of appeal. The court subsequently ordered Appellant to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b), and Appellant complied on February 15, 2023.

Appellant raises one issue for our review:

> Did the trial court err by denying [Appellant's] request to withdraw her guilty plea when the plea colloquy was deficient for failing to inform [Appellant] that she had the presumption of innocence?

(Appellant's Brief at 6).

Appellant argues that following her negotiated guilty plea she had a "change of heart" and decided that she wanted to pursue her case through a trial. (*Id.* at 11). Appellant claims that, "after having a moment to reflect on the case, [Appellant] became disenchanted with the plea procedures." (*Id.* at 13). Appellant maintains that during the plea hearing, she was uncertain about entering the plea, as evidenced by an off-the-record exchange that Appellant had with counsel twice during the oral plea colloquy. Appellant contends that her hesitation and need for multiple discussions with counsel during the oral plea colloquy suggest that she did not understand what she was doing or "was never fully on board with the idea of entering a plea." (*Id.* at 15). Appellant emphasizes that when the court asked her why she was

- 3 -

pleading guilty, her response was "[b]ecause I was told that the witness is gone, so I would have to reschedule my trial date." (*Id.* at 16). When the court then asked her if she was pleading guilty because she was guilty of reckless driving, the court asked a second question of whether Appellant wanted to speak with her lawyer, before Appellant could respond to the first question. Appellant then vacillated between saying "no" and "yes." Appellant submits that from the cold record, it is unclear whether Appellant was saying "no" or "yes" to pleading guilty because she was guilty, or because she wanted another chance to speak to counsel.

Appellant further insists that the oral plea colloquy was deficient because the court failed to inform Appellant that she carried the presumption of innocence. Appellant submits that "[w]ithout being informed of the constitutional presumption of innocence, a defendant cannot make a knowing and intelligent decision about whether to enter a plea." (*Id.* at 18). Appellant avers that a plea colloquy that fails to conform to the minimum requirements of Pa.R.Crim.P. 590 is invalid. Appellant also highlights that at the time she entered her plea, the case had been pending for more than a year, and Appellant had been hit by a car in Georgia and was going through intensive medical treatment and rehabilitation.[3] Appellant concludes that her guilty plea

---

[3] We note that Appellant filed continuances in this case on December 2, 2021, March 30, 2022, and June 22, 2022, based on Appellant's injuries sustained from being hit by a car and physical therapy she received thereafter. *(Footnote Continued Next Page)*

- 4 -

was not knowingly, intelligently, and voluntarily entered, and this Court must vacate the judgment of sentence, and remand for withdrawal of Appellant's plea so that she can proceed to trial. We disagree.

Initially, we note that there is no absolute right to withdraw a guilty plea in Pennsylvania. **Commonwealth v. Jabbie**, 200 A.3d 500, 505 (Pa.Super. 2018). Rather:

> [T]he decision to allow a defendant to withdraw a plea post-sentence is a matter that rests within the sound discretion of the trial court. **See Commonwealth v. Muhammad**, 794 A.2d 378, 382-383 (Pa.Super. 2002). Moreover, a request to withdraw a guilty plea after sentencing is subject to higher scrutiny "since courts strive to discourage [the] entry of guilty pleas as sentence-testing devices." **Commonwealth v. Flick**, 802 A.2d 620, 623 (Pa.Super. 2002) (citation omitted). Therefore, in order to withdraw a guilty plea after the imposition of sentence, a defendant must make a showing of prejudice which resulted in a "manifest injustice." **Id.** (citation omitted). A defendant meets this burden only if [s]he can demonstrate that h[er] guilty plea was entered involuntarily, unknowingly, or unintelligently. **See Commonwealth v. Stork**, 737 A.2d 789, 790 (Pa.Super. 1999)[, *appeal denied*, 564 Pa. 709, 764 A.2d 1068 (2000)].

---

Appellant also filed a motion for continuance on September 6, 2022, due to Appellant contracting COVID-19. (**See** Motions for Continuance, filed 12/2/21, 3/30/22, 6/22/22, and 9/6/22). Thus, to the extent Appellant purports to complain that she only entered her plea because it had been pending for over a year, any delay in this case was due to her continuance requests. As well, the court was aware of her injuries and medical treatment based on her continuance requests citing same as the basis for those motions. In any event, defense counsel mentioned how long the case had been pending and Appellant's medical issues **after** the court had already accepted Appellant's guilty plea, and during sentencing as a basis for the court to waive costs. (**See** N.T. Hearing, 11/14/22, at 9-10). The court waived costs as requested. (**See id.** at 10).

> Once a defendant enters a guilty plea, it is presumed that [s]he was aware of what [s]he was doing. *See id.* at 790. Consequently, defendants are bound by statements they make during their guilty plea colloquies and may not successfully assert any claims that contradict those statements. *See Muhammad*, 794 A.2d at 384.

*Commonwealth v. Culsoir*, 209 A.3d 433, 437 (Pa.Super. 2019). Further, "the law does not require that a defendant be pleased with the outcome of [her] decision to plead guilty. The law requires only that a defendant's decision to plead guilty be made knowingly, voluntarily, and intelligently." *Jabbie, supra* at 506.

Instantly, the Commonwealth suggests that Appellant's claim that she is entitled to relief due to the allegedly deficient plea colloquy is waived for failing to preserve that claim on appeal. (*See* Commonwealth's Brief at 7-8). We agree with the Commonwealth's position. In her post-sentence motion, Appellant raised the following generic issue: "[Appellant] asserts that her plea was not entered knowingly, intelligently, and voluntarily and that she should be permitted to withdraw it." (Post-Sentence Motion, filed 11/23/22, at 1). In her Rule 1925(b) statement, Appellant similarly asserted: "The trial court erred by denying [Appellant's] request to withdraw her plea as it was not entered knowingly, intelligently, and voluntarily." (Rule 1925(b) Statement, filed 2/15/23, at 2).

Unlike her question presented on appeal, Appellant did not assert in her post-sentence motion or in her Rule 1925(b) statement that her guilty plea was invalid due to the defective plea colloquy or that she was seeking to

withdraw her plea on that basis. Notably, the trial court opinion did not address whether the plea colloquy was defective for failing to mention the presumption of innocence. Thus, we agree with the Commonwealth that Appellant's failure to specify her challenge to the allegedly deficient plea colloquy before the trial court results in waiver of this claim on appeal. *See* ***Commonwealth v. Baez***, 169 A.3d 35, 41 (Pa.Super. 2017) (holding appellant waived claim on appeal regarding why he was entitled to withdraw his guilty plea that was not advanced before trial court); ***Commonwealth v. Reeves***, 907 A.2d 1 (Pa.Super. 2006), *appeal denied*, 591 Pa. 712, 919 A.2d 956 (2007) (explaining that appellant is obligated to give trial court notice in Rule 1925(b) statement as to what court should address in its Rule 1925(a) opinion; where specific issue raised on appeal was not presented to court in concise statement such that court had opportunity to address claim in its opinion, issue is waived on appeal).

Moreover, where a withdrawal request is based on an allegation that the plea colloquy was inadequate, we look to Rule of Criminal Procedure 590, which states that when considering a plea agreement: "The judge shall conduct a separate inquiry of the defendant on the record to determine whether the defendant understands and voluntarily accepts the terms of the plea agreement on which the guilty plea or plea of *nolo contendere* is based." Pa.R.Crim.P. 590(B)(2). The comment to Rule 590 sets forth the following information that the judge should ascertain in determining whether to accept

a plea:

> (1)    Does the defendant understand the nature of the charges to which he or she is pleading guilty or *nolo contendere*?
>
> (2)    Is there a factual basis for the plea?
>
> (3)    Does the defendant understand that he or she has the right to trial by jury?
>
> (4)    Does the defendant understand that he or she is presumed innocent until found guilty?
>
> (5)    Is the defendant aware of the permissible range of sentences and/or fines for the offenses charged?
>
> (6)    Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?
>
> (7)    Does the defendant understand that the Commonwealth has a right to have a jury decide the degree of guilt if the defendant pleads guilty to murder generally?

Pa.R.Crim.P. 590 (Comment).

This Court will evaluate the adequacy of the plea colloquy and the voluntariness of the resulting plea by examining the totality of the circumstances surrounding the entry of that plea. **Muhammad, supra** at 382-83. A guilty plea will be deemed valid if an examination of the totality of the circumstances surrounding the plea shows that the defendant had a full understanding of the nature and consequences of her plea such that she knowingly and intelligently entered the plea of her own accord. **See Commonwealth v. Rush**, 909 A.2d 805, 808 (Pa.Super. 2006). "Thus, even though there is an omission or defect in the guilty plea colloquy, a plea of guilty will not be deemed invalid if the circumstances surrounding the entry of

the plea disclose that the defendant had a full understanding of the nature and consequences of [her] plea and that [she] knowingly and voluntarily decided to enter the plea." *Commonwealth v. Yeomans*, 24 A.3d 1044, 1047 (Pa.Super. 2011) (internal citation omitted).

Here, Appellant is correct that the court did not mention her presumption of innocence during the oral plea colloquy. Nevertheless, this defect does not result in automatic reversal as Appellant suggests.[4] *See Yeomans, supra*. Rather, we must look to the totality of the circumstances surrounding the entry of her plea to discern whether she entered the plea knowingly, intelligently, and voluntarily. *See id.*

---

[4] Appellant relies heavily on our Supreme Court's decision in *Moore v. Commonwealth*, 477 Pa. 512, 384 A.2d 1206 (1978), in which the Court held that it was the trial court's duty to inform the appellant during the guilty plea colloquy about the presumption of innocence, and the failure to do so entitled the appellant to withdraw his guilty plea. *See id.* In so holding, the Court cited cases which stated that the requirements of Pa.R.Crim.P. 319 (now Rule 590) are mandatory and that a failure to satisfy the minimum requirements of that rule results in reversal. *Id.* at 515, 384 A.2d at 1207. Significantly:

> [W]hile the Court has admonished that a complete failure to inquire into any one of the…mandatory subjects generally requires reversal…in determining the availability of a remedy in the event of a deficient colloquy, it has in more recent cases moved to a more general assessment of the knowing, voluntary, and intelligent character of the plea, considered on the totality of the circumstances.

*Commonwealth v. Flanagan*, 578 Pa. 587, 606, 854 A.2d 489, 500 (2004). Thus, Appellant's reliance on *Moore* affords her no relief, as the caselaw has evolved since that disposition.

In reasoning that Appellant's plea was knowing, intelligent, and voluntary, the trial court explained:

> In this instance, [Appellant] asserted that her plea was not knowingly, intelligently, or voluntarily made. On November 14, 2022, this [c]ourt conducted an on-the-record colloquy with [Appellant] wherein she was asked the following questions:
>
> 1. Are you satisfied with the representation of your lawyer?
>
> 2. Did your lawyer…fully explain to you the nature of the charge?
>
> 3. Are you aware of each and every element of the offense with which you were charged?
>
> 4. Are you aware of the facts the Commonwealth would attempt to prove if this case were to go to trial?
>
> 5. Are you aware of any defenses that you could assert if this case were to go to trial?
>
> 6. Are you aware of your right to a trial?
>
> 7. Are you waiving your right to a trial?
>
> ([N.T. Hearing, 11/14/22, at 5-6]). To each of these questions, [Appellant] answered "Yes." [Appellant] was further asked:
>
> 1. Has anybody forced, threatened, or coerced you to enter your guilty plea?
>
> 2. Has anyone promised you anything other than the guilty plea agreement, itself, to enter your plea?
>
> 3. Have you had any drugs or alcohol in the last 48 hours that might interfere with your ability to understand this proceeding?
>
> 4. Any prescription medications that might interfere?

> 5. Do you feel you have a mental infirmity or a mental condition that might interfere?
>
> [(*Id.* at 6-8)]. To each of these questions, [Appellant] answered, "No." [(*Id.*)] Finally, [Appellant] was asked, "are you pleading guilty because you are guilty of the one count of reckless driving?) [(*Id.* at 8)]. [Appellant] answered, "Yes." [(*Id.*)[5]] After observing [Appellant's] demeanor and listening to her answers, this [c]ourt found that there was a legal and factual basis for the plea and the plea was knowingly and voluntarily made. [(*Id.* at 9)].
>
> After review of the transcript and Affidavit of Probable Cause, it is clear that all of the terms and conditions of [Appellant's] plea and sentence were placed on the record. [Appellant] entered her plea with the advice of counsel. As such, [Appellant's] guilty plea was knowingly, intelligently, and voluntarily made.

(Trial Court Opinion, filed 3/15/23, at 4-5). The record supports the court's analysis that Appellant had a full understanding of the nature and consequences of her plea. *See Yeomans, supra*; *Rush, supra*. Appellant's

---

[5] This is the portion of the transcript on which Appellant relies to state that she vacillated between "yes" and "no" on this question and that it is not clear whether Appellant responded "yes" to being guilty of reckless driving, or because she wanted to talk to her counsel, where the court had also asked that question before she had a chance to respond to whether she was guilty of reckless driving. We agree with Appellant that the cold record is unclear regarding which question Appellant meant to respond. Nevertheless, the trial court had the opportunity to preside over this hearing and evaluate Appellant's demeanor. We will not second-guess the trial court's determination in real-time that Appellant said "yes" to affirming her guilt to the crime at issue, and "no" to needing more time to talk to her attorney. Further, had Appellant been responding "yes" to wanting to talk to counsel, the record would have disclosed a side-bar or indicated that an off-the-record conversation between Appellant and counsel subsequently took place. The record does not reveal any such discussion after the court asked Appellant if she was pleading guilty because she was guilty. (*See* N.T. Hearing at 8-9).

"change of heart" (*see* Appellant's Brief at 11), simply does not rise to the level of manifest injustice required to withdraw her plea. ***See Culsoir, supra***.

On this record, we cannot say that the trial court abused its discretion in denying Appellant's request to withdraw her guilty plea. ***See id.*** Accordingly, we affirm.

Judgment of sentence affirmed.

Judge Olson joins this memorandum.

Judge Bowes concurs in the result.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

11/28/2023